240 So.2d 589 (1970)
Agathe Guidry BREAUX et al., Plaintiffs and Appellants,
v.
APACHE OIL CORPORATION et al., Defendants and Appellees.
No. 3225.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1970.
*590 Thomas Robert Shelton, Rayne, for plaintiffs-appellants.
Liskow & Lewis, by Robert T. Jorden, Andrew J. S. Jumonville, Lafayette, Skipwith & Muirhead, by Ray C. Muirhead, Houston, for defendants-appellees.
Before FRUGEé, CULPEPPER and MILLER, JJ.
CULPEPPER, Judge.
The plaintiffs-lessors filed this suit to cancel an oil, gas and mineral lease on the grounds that the defendants-lessees did not "commence operations for the drilling of a well", nor pay delay rentals, within the time specified. The district judge granted defendants' motion for summary judgment dismissing plaintiffs' suit. Plaintiffs appealed.
The substantial issues on appeal are: (1) Is there a genuine issue of material fact as to whether defendants commenced operations for the drilling of a well on or before March 18, 1967? (2) Can the plaintiffs collaterally attack, in these proceedings in Acadia Parish, the order of the Department of Conservation which changed the location of the unit well?
For purposes of the motion for summary judgment, the pleadings and affidavits filed by the parties show the following: The lease in question is dated March 18, 1966 and covers 302.55 acres of land in Acadia Parish. It contains the following pertinent provisions:
"1. This lease shall terminate on March 18, 1967, unless on or before said date the Lessee either (1) commences operations for the drilling of a well on the land, or on acreage pooled therewith, in search of oil, gas or other minerals and thereafter continues such operations and drilling to completion or abandonment; or (2) pays to the Lessor a rental of One Hundred & No/100 Dollars ($100.00) per acre for all or that part of the land which Lessee elects to continue to hold hereunder, which payment shall maintain Lessee's right in effect as to such land without drilling operations for one year from the date last above mentioned; * * *"
The Commissioner of Conservation of the State of Louisiana issued Order 197-7, effective March 1, 1967, establishing, among others, Sand Unit X for the exploration and production of gas and condensate from the Stutes sand in the Duson field in Acadia Parish, which unit includes a portion of the land covered by the lease in question. On March 13, 1967, this order was amended by the Department of Conservation, at the request of the designated operator, changing the location of the unit well.
On March 16th or 17th, 1967, defendants commenced building a board road and turn-around to the well location. On March 18, 1967 the board road and turn-around were completed.
There is a dispute as to when the first rig equipment was moved to the well site. Affidavits submitted by defendant state that drilling equipment was moved to the location on March 18, 1967. Those introduced by plaintiffs state that no equipment *591 was moved to the site until after March 18, 1967.
In any event, equipment was installed and actual drilling commenced on March 22, 1967 at the location approved in the amended order of the Commissioner of Conservation. These drilling operations were continued until the unit well was completed as a producer of gas and condensate.
In Hilliard v. Franzheim, 180 So.2d 746 (La.App. 3rd Cir. 1965) an overriding royalty sale was conditioned on the vendor drilling a well "to be started within 90 days." Within the 90-day period, plaintiff secured a drilling permit, staked the location, moved lumber onto it, leveled the site, installed a culvert and cattle guard and commenced construction of a board road to the well site. The rig was not on location and drilling was not begun until more than 90 days from the agreement. We held these activities satisfied the requirement that a well "be started." The law is stated as follows:
"For what applicability it may have to the interpretation of the present royalty contract, the general rule to be drawn from these decisions is that actual drilling is unnecessary to `commence' a well within the meaning of the lease provisions; and that substantial surface preparations to drill are sufficient to be considered `commencement' of drilling operations for the lease-clause purposes, such as making and clearing a location, delivering equipment to the well site, and the like, provided that such preliminary operations are continued in good faith and with due diligence until the well is actually spudded in." (citations omitted)
Plaintiffs first contend summary judgment is improper since there is a genuine issue as to material fact. LSA-C.C.P. Article 966; Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963). Specifically, plaintiffs say cross-affidavits which they filed state that no equipment was moved to the well location until after March 18, 1967. This contradicts statements in affidavits submitted by defendant that drilling equipment was placed on the location on March 18, 1967.
Regardless of this contradiction in the affidavits, plaintiffs do not deny in their pleadings, affidavits or other documents that the board road and turn-around were completed to the well site on March 18, 1967. Under Hilliard v. Franzheim, supra, and the authorities cited therein, the completion of the board road and turn-around before the crucial date, followed by continuous operations until the well produced, is sufficient to satisfy the requirement that the lessee "commence operations for the drilling of a well." It is not necessary to determine whether drilling equipment was moved to the well site on or before March 18, 1967. Hence, there is no issue as to material fact. The case can be decided as a matter of law based on facts as to which there is no genuine issue.
Plaintiffs next contend that the amended order by the Department of Conservation, changing the location of the unit well, is invalid since it violates the requirement of LSA-R.S. 30:6(B) for "a public hearing upon at least ten days notice." Plaintiffs say that since the statutory procedure for amending the order was not followed, the amendment is invalid and the well drilled in the new location is not a unit well within the requirements of the lease.
The answer to this argument is that LSA-R.S. 30:12 requires any suit attacking such orders of the Department of Conservation be instituted in the district court of the parish (East Baton Rouge) in which the principal office of the Commissioner of Conservation is located. In Vincent v. Hunt, 221 So.2d 577 (La.App. 3rd Cir. 1969) we held, in a similar factual situation, that plaintiff could not collaterally attack an order of the Department of Conservation in a suit which he filed in Lafayette Parish for the cancellation of an oil, gas and mineral lease. We stated that under LSA-R.S. 30:12 a suit attacking the validity of an order of the Department of Conservation *592 must be brought in East Baton Rouge Parish with the Commissioner being made a party.
Since the amended order at issue in the present case cannot be collaterally attacked in these proceedings, it must be accorded validity.
Plaintiffs make a final alternative argument that the present case involves a mixed question of fact (the timely commencement of drilling operations) and of law (the legality of the amended order of the Department of Conservation), and hence the proper jurisdiction and venue is Acadia Parish, where the property is located. This argument falls since we have already held there is no genuine issue of material fact.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs appellants.
Affirmed.