343 So.2d 745 (1977)
Maurice L. BROWN, Plaintiff-Applicant,
v.
ALICE-SIDNEY OIL COMPANY and Franks Petroleum, Inc., Defendants-Respondents.
No. 13226.
Court of Appeal of Louisiana, Second Circuit.
March 2, 1977.
Rehearing Denied March 21, 1977.
*746 Wilkinson, Carmody & Peatross by Samuel W. Caverlee, Shreveport, Taylor, Porter, Brooks & Phillips by J. Clayton Johnson, Baton Rouge, for applicant.
Hargrove, Guyton, Ramey & Barlow by Ray A. Barlow, Joseph L. Hargrove, Jr., David L. Smelley, Shreveport, for respondents.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied March 21, 1977.
HALL, Judge.
A writ of certiorari was granted on the application of plaintiff, Maurice L. Brown, in order to review a judgment of the district court sustaining defendants' exception of lack of jurisdiction and/or improper venue, dissolving a temporary restraining order obtained by plaintiff, denying plaintiff's petition for a preliminary injunction, and awarding defendants attorney's fees in connection with the dissolution of the temporary restraining order. After review, it is this Court's conclusion that the judgment is correct and the writ should be recalled.
The dispositive issue is whether plaintiff's application for injunctive relief constitutes a collateral attack on an order of the Commissioner of Conservation so as to vest exclusive "jurisdictional venue" in the district court for East Baton Rouge Parish under LSA-R.S. 30:12.[1] We hold that under the circumstances of this case, the injunctive relief sought is so broad and sweeping in scope as to prevent entirely the implementation of the Commissioner's order. It is, therefore, a collateral attack on that order, and the exclusive venue to grant the relief sought is the Parish of East Baton Rouge.
Plaintiff filed suit in the Twenty-Sixth Judicial District Court for Webster Parish, seeking a declaration of his rights under certain assignments of oil, gas and mineral leases affecting land located in Webster Parish. Named as defendants were Alice-Sidney Oil Company and Franks Petroleum, Inc., alleged to be claiming interests in conflict with the interests claimed by plaintiff.
*747 The petition alleged that defendants had applied to the Department of Conservation to establish a field-wide secondary recovery unit without recognition of plaintiff's interest in the unit.
Defendants filed an exception of lack of jurisdiction and/or improper venue insofar as the petition attacked the validity of an order of the Louisiana Department of Conservation, averring that the exclusive jurisdiction or venue for such an action lies in the Parish of East Baton Rouge under LSA-R.S. 30:12.
Plaintiff filed a supplemental and amending petition alleging that subsequent to the filing of the original petition, the Department of Conservation issued Order No. 457-EE establishing a field-wide unit for secondary recovery purposes affecting the land and leases involved in this suit; that certain rights including management decisions are given to working interest owners by the unit agreement and unit operating agreement approved by the said order, which rights are being denied plaintiff; that if plaintiff owns the working interests he claims, he would have effective control of management decisions under the agreements; and that plaintiff will suffer irreparable injury unless defendants are enjoined from taking any action pursuant to the Commissioner's order, the unit agreement, or the unit operating agreement. Plaintiff prayed that defendants be restrained from taking any action under or pursuant to the unit agreement or the unit operating agreement until a final determination of the rights sought to be recognized in this suit.
Pursuant to plaintiff's supplemental petition a temporary restraining order was issued. Defendants moved to dissolve the temporary restraining order and defended against the issuance of a preliminary injunction with the same jurisdiction/venue contention made in their exception and on the basis that, in any event, there would be no irreparable injury to plaintiff.
A hearing was held on the motion to dissolve the temporary restraining order and on the application for a preliminary injunction. After considering the pleadings, arguments of counsel, and some documentary evidence, but without allowing testimony which plaintiff was prepared to offer, the district court ruled that the action for injunctive relief was a collateral attack on the Commissioner's order, venue for which lay in East Baton Rouge Parish. The court also held that plaintiff could not establish irreparable injury because any damage which he might sustain pending the outcome of the litigation would be compensable in money damages. Judgment was rendered (1) denying the preliminary injunction; (2) dissolving the temporary restraining order; (3) awarding defendants attorney's fees in the amount of $3,000 for wrongful issuance of the temporary restraining order; and (4) sustaining the exception of lack of jurisdiction and/or improper venue and dismissing plaintiff's action for injunctive relief.
The record discloses that plaintiff objected to the proposed unitization at the conservation hearing on the basis of lack of notice and lack of recognition of his claimed interests. Plaintiff filed suit in the district court for East Baton Rouge Parish seeking to enjoin the implementation of the Commissioner's order. After hearing, the injunction was denied by that court and that judgment is presently pending on appeal to the First Circuit Court of Appeal.
Both sides agree that the district court for Webster Parish is the proper venue for plaintiff's declaratory judgment suit seeking a declaration of his rights under certain oil and gas leases and assignments affecting property located in Webster Parish. Defendants contend, however, that the ancillary action for injunctive relief which seeks to enjoin implementation of the Commissioner's order is a collateral attack on the order, venue of which is vested exclusively in the district court for East Baton Rouge Parish. Plaintiff contends the action for injunctive relief is merely ancillary to the declaratory judgment suit and seeks only to maintain the status quo pending final determination of plaintiff's main demands. Plaintiff argues that he is conceding the validity of the Commissioner's order and is *748 only asserting rights under the order and the unit agreement and unit operating agreement approved by the order.
Numerous cases hold that any suit attacking, directly or collaterally, an order of the Commissioner must be brought at the domicile of the Commissioner (East Baton Rouge Parish), as the venue provided in LSA-R.S. 30:12 is akin to the nonwaivable venue provided in LSA-C.C.P. Art. 44, and consequentially, jurisdictional in nature. Breaux v. Apache Oil Corporation, 240 So.2d 589 (La.App. 3d Cir. 1970); Vincent v. Hunt, 221 So.2d 577 (La.App. 3d Cir. 1969). However, contractual rights not contrary to or inconsistent with an order of the Commissioner are properly subject to judicial review and litigation between the contracting parties without intervention of the Commissioner and without regard to the venue requirements of the statute. Monsanto Chemical Company v. Southern Natural Gas Company, 234 La. 939, 102 So.2d 223 (1958). The exclusive venue of LSA-R.S. 30:12 is limited to those cases where the substance of the Commissioner's order is attacked, directly or collaterally. United Gas Pipeline Company v. Watson Oil Corporation, 306 So.2d 731 (La.1975).
At first blush, it might appear that plaintiff's contentions have merit. He does not attack the validity of the Commissioner's order, but expressly concedes its validity. He is asserting rights which he has under the order and unit agreements, if he is, in fact, the owner of the working interests he claims. He seeks injunctive protection of these rights pending adjudication of his claim of ownership.
It is necessary, however, to look not only at the right plaintiff asserts but at the substance and effect of the relief he seeks. He seeks to prevent entirely the implementation of the Commissioner's order. The injunction sought is broad and sweeping in scope. It would enjoin the unit operator and the adverse claimant to the disputed working interests from taking any action whatsoever pursuant to the Commissioner's order and the unit agreements approved by the order. Plaintiff basically seeks the same relief which was denied to him by the Commissioner and the District Court for East Baton Rouge Parish in other litigation.
The sweeping injunctive relief sought, while expressed as an assertion of rights under the order, is actually an attack on the substance of the order itself. The Commissioner, having determined that the fieldwide unitization for purposes of secondary recovery is in the public interest, retains an interest in the implementation of the order. Any action seeking to prevent entirely implementation of the order is adverse to the Commissioner. Venue of such an action lies exclusively in East Baton Rouge Parish under the statute. The District Court for Webster Parish correctly held that it did not have venue of the action to enjoin implementation of the Commissioner's order.
For the reasons assigned, the writ of certiorari issued herein is recalled and set aside. This action is remanded to the Twenty-Sixth Judicial District Court for further proceedings.
Writ recalled and case remanded.

ON APPLICATION FOR REHEARING ON WRIT OF CERTIORARI
Before BOLIN, PRICE, HALL, MARVIN and JONES, JJ.
PER CURIAM.
This Court's opinion states that plaintiff "is conceding the validity of the Commissioner's order" and "expressly concedes its validity." In his application for rehearing, plaintiff correctly points out that in the application for writs he admitted the validity of the Commissioner's order "for purposes of the injunctive relief." In plaintiff's supplemental petition for injunctive relief, it was alleged that he does not "in this suit" challenge the validity of the Commissioner's order. With this clarification of this Court's opinion, the application for rehearing is denied.
NOTES
[1] LSA-R.S. 30:12 provides:

"An interested person adversely affected by any law of this state with respect to conservation of oil and gas, or both, or by a provision of this Chapter, or by a rule, regulation, or order made by the commissioner hereunder, or by an act done or threatened thereunder, and who has exhausted his administrative remedy, may obtain court review and seek relief by a suit for an injunction against the commissioner as defendant. Suit shall be instituted in the district court of the parish in which the principal office of the commissioner is located and shall be tried summarily. The attorney representing the commissioner may have a case set for trial at any time after ten days' notice to the plaintiff or his attorney of record. The burden of proof shall be upon the plaintiff and all pertinent evidence with respect to the validity and reasonableness of the order of the commissioner complained of shall be admissible. The law, the provision of this Chapter, or the rule, regulation, or order complained of, shall be taken as prima facie valid. This presumption shall not be overcome in connection with any application for injunctive relief, including a temporary restraining order, by verified petition or affidavit of or in behalf of the applicant. The right of review accorded by this Section shall be inclusive of all other remedies, but the right of appeal shall lie as hereinafter set forth in this Chapter."