385 So.2d 939 (1980)
Lionel THERIOT et al., Plaintiffs-Respondents,
v.
MERMENTAU RESOURCES, INC., Defendant-Applicant.
No. 7737.
Court of Appeal of Louisiana, Third Circuit.
July 3, 1980.
Hunt, Godwin, Painter & Roddy, Fred R. Godwin, Lake Charles, for defendant-applicant.
Baggett, McCall, Singleton, Ranier & Ieyoub, Robert C. McCall, Lake Charles, for plaintiffs-respondents.
Before FORET, CUTRER and SWIFT, JJ.
CUTRER, Judge.
This is a suit by Lionel Theriot, Emma T. Ogburn, and Teddy Broussard seeking to permanently enjoin the defendant, Mermentau Resources, Inc. (Mermentau) from maintaining and operating a disposal well used to inject chemical waste products into the subsurface of a certain tract of land in Cameron Parish, Louisiana. Defendant filed a declinatory exception of improper venue. This exception was overruled. We denied defendant's application for writs of certiorari, prohibition and mandamus. The Supreme Court, however, granted the writs and remanded to this court for a ruling on the merits of the application.
The plaintiffs alleged that:

*940 "4.

"The defendant sought and has or is obtaining permits to operate a chemical waste disposal well and to inject into the ground hazardous chemicals, poisons and pollutants, which in due course will or may flow under the lands of the petitioners.

"5.

"Petitioners allege that they have not consented to said disposal or flow of said wastes under their lands and the effects of the operation of the disposal well would violate Civil Code Article 667, constitute a trespass and create a nuisance.

"6.

"Petitioners allege that due to an inability to accurately predict where these chemicals will migrate and move through sands and faults in the geological make-up of the area, that any injection presents an unwarranted hazard to them and one whose progress can not be later reversed and would cause irreparable injury entitling petitioners to a permanent injunction."
Mermentau filed a declinatory exception on the ground of improper venue. This exception was based on the fact that the operation of the disposal well had been authorized by order of the Commissioner of Conservation of the State of Louisiana. Mermentau contended that in any legal proceeding affecting an order of the commissioner, suit must be in the Parish of East Baton Rouge, the place of the commissioner's principal office, under the provisions of LSA-R.S. 30:1 D and 30:12.
The record reflects that the State of Louisiana, through the Office of Conservation, made findings and issued an order permitting the drilling, fitting and operation of the disposal well in question.
We note that the Commissioner of Conservation, R. T. Sutton, approved the drilling and installation of the disposal well to be drilled to approximately 8,000 feet. At that depth the well is to be fitted with casing (pipe) which is installed according to plans which protect upper fresh water sands against contamination. The pipe in the well is to be perforated at approximately 8,000 feet and all waste products pumped into the well will be disbursed into a salt water sand at the 8,000 foot level. The type of waste products to be disposed of are designated as spent sour caustic, salt of benzoic acid and water. If any other waste products are to be inserted, the prior approval of the commissioner must be obtained. A chemist is required to be available at all times.
The commissioner finds that the proposal of Mermentau Resources, Inc. are "reasonable and environmentally sound." The company is required to post a surety bond of $50,000.00 and must carry a general liability insurance policy of at least $1,000,000.00. The order became effective January 18, 1979.
The trial judge denied the exception finding that the proper venue was in Cameron Parish since the suit involved the liabilities and right of landowners under LSA-C.C. art. 667 and that the order of the commissioner was merely an incident thereto.
Mermentau, relator, argues that East Baton Rouge Parish is the proper venue under LSA-R.S. 30:1, et seq. Plaintiffs-respondents on the other hand contend that, since the action is a trespass action and is brought pursuant to LSA-C.C. art. 667, Cameron Parish is the proper venue. Also, plaintiffs argue that, under the Louisiana Environmental Affairs Act, Chapter 11 of the Title 30, plaintiffs may properly bring suit in Cameron Parish.
The statutes regulating disposal wells for subsurface injection of waste products are set out in LSA-R.S. 30:1, et seq.
The pertinent provisions are as follows:
LSA-R.S. 30:1 D provides:
"D. The disposal of any waste product into the subsurface by means of a disposal well and the regulation of all surface and storage waste facilities incidental to oil and gas exploration and production, shall be within the jurisdiction of the department." (Emphasis added.) *941 LSA-R.S. 30:4 C and C(16)(a) provide, in part:
"C. The commissioner has authority to make after notice and hearings as provided in this Chapter, any reasonable rules, regulations, and orders that are necessary from time to time in the proper administration and enforcement of this Chapter, including rules, regulations, or orders for the following purposes:

* * * * * *
"(16) a. To regulate by rules, the drilling, casing, cementing, disposal interval, monitoring, plugging and permitting of disposal wells which are used to inject waste products in the subsurface and to regulate all surface and storage waste facilities incidental to oil and gas exploration and production, in such a manner as to prevent the escape of such waste product into a fresh ground water aquifer or into oil or gas strata; and may require reasonable bond with security for the performance of the duty to plug each abandoned well or each well which is of no further use." (Emphasis added.)
LSA-R.S. 30:12 provides, in part:
"An interested person adversely affected by any law of this state with respect to conservation of oil or gas, or both, or by a provision of this Chapter, or by a rule, regulation, or order made by the commissioner hereunder, or by an act done or threatened thereunder, ... may obtain court review and seek relief by a suit for an injunction against the commissioner as defendant. Suit shall be instituted in the district court of the parish in which the principal office of the commissioner is located and shall be tried summarily. ..." (Emphasis added.)
These statutes clearly provide that exclusive jurisdiction for disposal wells for the subsurface injection of waste products is placed in the Department of Conservation and the Commissioner of Conservation of the State of Louisiana.
Any interested person affected by any provision of these statutes or by any rules, regulations or orders made by the commissioner under these statutes or by an act done or threatened thereunder may bring suit. However, when suit is so brought, it must be brought in East Baton Rouge Parish, the parish of the principal office of the commissioner.
In the case before us, plaintiffs seek a permanent injunction under LSA-C.C. art. 667 which, if granted, effectively rescinds the order of the commissioner issued under the authority of R.S. 30:1 D and 30:4 C(16)(a). Thus, the suit is, in substance, an attack on an order of the Commissioner of Conservation. Under the clear provisions of LSA-R.S. 30:12, the exclusive venue of this suit is in East Baton Rouge Parish. United Gas Pipe Line Co. v. Watson Oil Corp., 306 So.2d 731 (La.1975); Brown v. Alice-Sidney Oil Co., 343 So.2d 745 (La.App. 2nd Cir. 1977); Breaux v. Apache Oil Corporation, 240 So.2d 589 (La.App. 3rd Cir. 1970); Vincent v. Hunt, 221 So.2d 577 (La. App. 3rd Cir. 1969).
The plaintiffs argue that Cameron Parish is the proper venue under the Louisiana Environmental Affairs Act, citing LSA-R.S. 30:1074.
LSA-R.S. 30:1074(1) provides as follows:
"(1) Except as provided in Subsection (2) of this Section, any person having an interest, which is or may be adversely affected, may commence a civil action on his own behalf against any person whom he alleges to be in violation of this Chapter or of the regulations promulgated hereunder. The action must be brought either in the district court in the parish in which the violation or alleged violation occurs or in the district court of the domicile of the alleged violator, and shall be afforded preferential hearing by the court."
We disagree with the plaintiffs' contention. The act, by its own terms, does not apply to disposal wells.
LSA-R.S. 30:1145, which is a part of the Environmental Affairs Act, provides:
"Nothing in this Part shall be construed to limit the power of the commissioner of the office of conservation to *942 issue permits and make regulations relative to the subsurface injection of waste products and oil and gas field saltwater in compliance with Chapter 1 of Title 30 of the Louisiana Revised Statutes of 1950 and the subsurface injection of hazardous wastes in compliance with the Safe Drinking Water Act, 42 USC 300 F et seq. and the Resource Conservation and Recovery Act of 1976, 42 USC 6901 et seq." (Emphasis added.)
This provision of the Environmental Affairs Act clearly recognizes that the Commissioner of Conservation retains jurisdiction "relative to the subsurface injection of waste products." The definition of "waste products" in LSA-R.S. 30:3 (15) is very broad and includes "any liquid, sludge, effluent, semi-liquid or other substance resulting from any process, whether manufacturing or otherwise." This definition thus covers "hazardous waste products."
We interpret this act to mean that waste products, defined by LSA-R.S. 30:3 (15) as "any liquid, sludge, effluent, semi-liquid or other substance resulting from any process, whether manufacturing or otherwise," are under the jurisdiction of the Commissioner of Conservation. These statutes include all "waste products" whether they are the result of oil and gas related industrial processes or other manufacturing processes. Hazardous wastes are simply waste products, the disposal of which requires, in addition to compliance with Chapter 1 of Title 30, compliance with certain federal statutes if they are to be disposed of by subsurface injection. This exclusive jurisdiction is also required by LSA-R.S. 30:1 D.
Since disposal wells are under the power of the Commissioner of Conservation, and LSA-R.S. 30:1145 specifically states that it is not to be construed to limit these powers, we conclude that LSA-R.S. 30:12 is the applicable exclusive venue provision and not LSA-R.S. 30:1074.
In conclusion, we find that the plaintiffs are in effect attacking the implementation and validity of an order issued by the Commissioner of Conservation relating to a disposal well. The jurisdiction of the Commissioner of Conservation is exclusive insofar as disposal wells for the subsurface injection of waste products are concerned. The exclusive venue (East Baton Rouge Parish) in any suit directly, indirectly or collaterally attacking such an order is that provided by LSA-R.S. 30:12. The trial judge erred in overruling the defendant's exception of venue.
For these reasons, the judgment of the district court is reversed and it is ordered, adjudged and decreed that the exception of venue filed by Mermentau Resources, Inc. is sustained and this suit is dismissed without prejudice. All costs of court, appellate and trial court, are assessed to plaintiffs-respondents.