560 So.2d 461 (1990)
PHILLIPS PETROLEUM COMPANY
v.
J. Patrick BATCHELOR, Commissioner of Conservation.
No. CA 89 0182.
Court of Appeal of Louisiana, First Circuit.
April 10, 1990.
David N. Schell, Jr., New Orleans, for plaintiff-appellant Phillips Petroleum Co.
James J. Coleman, Sr., New Orleans, amicus curiae, for Magnolia Coal Terminal.
George C. Gibson, New Orleans, for defendant-appellee J. Patrick Batchelor, Com'r of Conservation.
Before EDWARDS, LANIER and FOIL, JJ.
FOIL, Judge.
The issue in this appeal is whether the 19th Judicial District Court (domiciled in East Baton Rouge Parish) has subject matter jurisdiction to determine the scope of the Commissioner of Conservation's jurisdiction to enter an Order, where both parties to the litigation seek confirmation of the Commissioner's authority to enter the Order. We hold that the request for judicial review does not present a justiciable controversy, and affirm the trial court's dismissal of the action.

FACTS
Phillips Petroleum Company (Phillips), plaintiff, brought this action in the 19th Judicial District Court against the Commissioner *462 of Conservation, seeking review of the Commissioner's authority to issue an Order affecting it. This action was taken following a judgment entered against it by an Orleans Parish Civil District Court in a case entitled Magnolia Coal Terminal v. Phillips Oil Company (the "Magnolia judgment"). In that case, filed in September, 1985, Magnolia, the surface owner of a well site maintained by Phillips, sought damages against Phillips arising out of a well blowout. Specifically, Magnolia alleged that the blown-out well had not been properly plugged by Phillips, in violation of La.R.S. 30:4 and an Order of the Commissioner of Conservation. Magnolia claimed that oil was seeping from the well, and alleged the presence of oil contamination at the site. Magnolia also claimed that Phillips had not properly restored the surface to its original state, thereby failing to take appropriate remediation measures.
On March 4, 1987, Phillips filed an exception of no cause of action in the Magnolia suit, alleging that the issues presented in the suit, specifically, the proper plugging of a well and site remediation, fell within the exclusive province of the Commissioner of Conservation. It alleged, therefore, that Magnolia was required to exhaust its administrative remedies before the Commissioner of Conservation prior to bringing suit.
Prior to the hearing on the exception of no cause of action, on April 30, 1987, Phillips filed an application for a public hearing with the Commissioner of Conservation, requesting that the Commissioner determine whether the well was properly plugged, and whether, and to what extent, cleanup was required. The Commissioner issued a notice of hearing on May 22, 1987, and the hearing was set for June 15, 1987. Magnolia was sent notice of the hearing and requested a continuance. Magnolia's request was granted, and the hearing was rescheduled for June 25, 1987.
Meanwhile, the Magnolia trial went forward on May 26, 1987. At the commencement of the trial, the court heard arguments on Phillip's exception of no cause of action. In support of its exception, Phillips introduced the notice of hearing issued by the Commissioner of Conservation. The trial court overruled the exception, and Phillips sought review of the exhaustion issue in the Fourth Circuit Court of Appeal, which declined to exercise its supervisory jurisdiction. Phillips then requested review by the Louisiana Supreme Court of the jurisdictional issue, but writs were refused by that Court.
On September 3, 1987, the trial court in Orleans Parish entered judgment in favor of Magnolia, in the amount of $4,500,000.00, finding that Phillips had failed to properly plug the well, that it was leaking oil and contaminated the surface. The damages awarded apparently represented the cost of properly plugging the well and the cost of cleanup of the site. On March 11, 1988, following an evidentiary hearing in which only Phillips participated, the Commissioner of Conservation issued his Order, finding that the well had been properly plugged; the well was not leaking; any residual oil on the surface was non-hazardous oil field waste; and cleanup had been performed in accordance with state regulations. The Commissioner, stating that Phillips is responsible to the Office of Conservation for further post-closure remediation measures, ordered Phillips to submit a plan of post-closure remediation and to undertake cleanup and remediation of the site, consistent with the findings in the Order.
An appeal of the Magnolia judgment has been taken by Phillips to the Fourth Circuit Court of Appeal. The Fourth Circuit is being asked to review the entire judgment, particularly the question of exhaustion of administrative remedies and the trial court's jurisdiction to enter the award in light of Louisiana' regulatory scheme for the oil and gas industry, and in light of the Commissioner of Conservation's Order.[1]
*463 Despite the pendency of the jurisdictional issue in the Fourth Circuit Court of Appeal, Phillips filed the instant petition for judicial review under La.R.S. 30:12, in the 19th Judicial District Court, asking that the court review the jurisdiction of the Commissioner of Conservation to enter the Order naming only the Commissioner as the defendant. Thus, the only parties to this suit are Phillips and the Commissioner of Conservation. Magnolia did not appeal the Commissioner's ruling to the district court, and did not intervene in Phillips' appeal. In its petition for judicial review, Phillips stated that it appealed the Magnolia judgment to the Fourth Circuit Court of Appeal, including the jurisdiction issue and alleged that the judgment is "erroneous", conflicts with the Order of the Commissioner of Conservation, and exposes it to double jeopardy. On the latter point, Phillips complained that it may have to pay damages to Magnolia for the cost of cleanup to satisfy the Magnolia judgment, while at the same time, undertake its own cleanup efforts at its expense to satisfy the Commissioner's Order. In the petition, Phillips states that it is "constrained" because of the conflicting decisions, to seek judicial review of the Commissioner's determination that he had jurisdiction to enter the Order. The Commissioner answered, seeking to have his jurisdiction to enter the Order upheld.
It is clear from the petition and the memorandum filed in support of the petition in the trial court (and by Phillips' own admission in this appeal) that the Order of the Commissioner is indeed favorable to Phillips, and Phillips is actually seeking to have the Commissioner's jurisdiction to enter the Order upheld. Phillips did not seek judicial review of the factual basis on which the Order is made, that is, it does not seek review of the validity of the Order per se. It in effect asked the trial court to confirm the Commissioner's authority to enter the Order, while not delving into the merits of that Order, and the Commissioner requested the very same thing. In reality, as is evident in its petition and brief to the trial court, Phillips is complaining of the Magnolia judgment. Additionally, we note that the arguments set forth in Phillips' memoranda are virtually identical to those set forth in its petitions to review the exhaustion question before the Fourth Circuit Court of Appeal and the Louisiana Supreme Court.
The trial court dismissed Phillips' appeal, finding that it failed to present a "justiciable controversy." The trial court additionally found that no party to the litigation was "aggrieved" by an Order of the Commissioner of Conservation. In so ruling, the trial court noted that Phillips requested it to confirm the authority of the Commissioner to enter the Order, as did the Commissioner of Conservation. The court also noted it lacked power to review the Magnolia judgment, which admittedly, was Phillips' motive for seeking judicial review in the first instance. This appeal followed the dismissal of Phillips' petition for judicial review.

JUSTICIABLE CONTROVERSY
Phillips' main contention in this appeal is that it is an "aggrieved party" within the meaning of La.R.S. 30:12, which confers jurisdiction on the 19th Judicial District Court, and therefore, its action for review should have been maintained by the trial court. La.R.S. 30:12 provides, in pertinent part:
§ 12. Court review and injunction; venue; procedure; burden of proof
A. (1) A person who is aggrieved by any law of this state with respect to conservation of oil or gas, or both, or by a provision of this Chapter, or by a rule, regulation, or order made by the assistant secretary of the office of conservation hereunder, or by an act done or threatened hereunder, and who has exhausted his administrative remedy, may obtain court review by a suit for injunction or judicial review against the assistant secretary as defendant.
(2) Suit for review shall be instituted in the district court of the parish in which the principal office of the assistant *464 secretary is located and must be brought within sixty days of the administrative action that is the subject of the suit. In cases of judicial review of adjudication proceedings, the sixty days shall begin to run after mailing of notice of the final decision or order, or if a rehearing is requested within sixty days after the decision thereon.
Phillips' insists that its request for review of the jurisdictional question was proper, because it is "aggrieved" by the Commissioner's Order, in that it may have to comply with both the Order and the Magnolia judgment. Yet, a great deal of Phillips' brief is devoted to its position that Magnolia should have exhausted its administrative remedies before the Commissioner of Conservation, who, it contends, had exclusive jurisdiction over the subject matter of the dispute. Phillips squarely argues that the Commissioner had jurisdiction to enter the Order.
Phillips complains that the trial court erred in imposing a "justiciable controversy" requirement for judicial review, rather than the "aggrieved person" standard of La.R.S. 30:12. We disagree. The limitation of the exercise of judicial power to real controversies is a constitutional limitation on a court's subject matter jurisdiction. Thus, in State v. Board of Supervisors, 228 La. 951, 84 So.2d 597, 599 (1955), the Court, citing La. Const. of 1921 art. 7, Sec. 35, which vested original jurisdiction in the district courts of the state over all "civil matters", stated that "in order for the court to become seized of jurisdiction in the first instance, there must be a dispute or controversy over some matter or right in which the opposing parties have an interest." La.R.S. 30:12, on the other hand, is a statutory "jurisdictional" venue provision. Vincent v. Hunt, 221 So.2d 577 (La.App. 3d Cir.1969). It vests exclusive venue in the 19th Judicial District Court (domiciled in East Baton Rouge Parish) to review attacks against orders of the Commissioner of Conservation, and as such, it is a jurisdictional provision. This provision has been limited by the Louisiana Supreme Court to those cases in which the substance of the Commissioner's order is attacked, directly or collaterally. United Gas Pipe Line Company v. Watson Oil Corporation, 306 So.2d 731 (La.1975). See also Pierce v. Goldking Properties, Inc., 396 So.2d 528 (La.App. 3d Cir.), writ denied, 400 So.2d 904 (La.1981). The "aggrieved person" standard of La. R.S. 30:12 is an additional statutory jurisdictional requirement, rather than the exclusive standard by which the propriety of the exercise of jurisdiction of the 19th Judicial District Court is to be measured, as is suggested by Phillips. In order for the 19th Judicial District Court to be vested with jurisdiction to review an action by the Commissioner of Conservation, it must in the first instance be presented with a justiciable controversy.
We find Phillips' petition for judicial review fails to present a "justiciable controversy." The "justiciable controversy" requirement is part of the well established principal of law that courts cannot render advisory opinions from which no practical results can follow. St. Charles Parish School Board v. GAF Corporation, 512 So.2d 1165 (La.1987); Aycock v. Union Parish School Board, 550 So.2d 814 (La. App. 2nd Cir.), writ denied, 552 So.2d 399 (La.1989); Compadres, Inc. v. Johnson Oil and Gas Corporation, 547 So.2d 382 (La. App. 3d Cir.1989). In St. Charles Parish School Board v. GAF Corporation, 512 So.2d at 1171, the Supreme Court stated:
In order to avoid deciding abstract, hypothetical or moot questions, courts require that cases submitted for adjudication be justiciable, ripe for decision, and not brought prematurely....
A "justiciable controversy" connotes an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interest, and upon which the judgment of the court may effectively operate through a decree of conclusive character....
A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties *465 having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.... (Citations omitted).
It is readily apparent that Phillips' request for judicial review does not present a justiciable controversy. There is no issue before the trial court on which a dispute exists between the litigants before it. Both Phillips and the Commissioner of Conservation seek to have the Commissioner's jurisdiction to enter the Order upheld. On that issue, Phillips and the Commissioner of Conservation do not have adverse legal interests. As such, the trial court was powerless to rule on the jurisdictional issue, and correctly dismissed the petition for review on the basis that it failed to present a justiciable controversy. See also Compadres, Inc. v. Johnson Oil and Gas Corporation, 547 So.2d at 388, in which the appellate court upheld the dismissal of a suit to recognize the validity of a contract, where the parties admitted the viability of the contract, as failing to present a justiciable controversy.
Based on the foregoing, we uphold the trial court's dismissal of Phillips' petition for judicial review. Costs of this appeal are assessed against Phillips.
AFFIRMED.
NOTES
[1] In an opinion handed down on March 29, 1990, the Fourth Circuit resolved the jurisdictional issue in Phillips' favor. In Magnolia Coal Terminal v. Phillips Oil Company, 561 So.2d 732 (La.App. 4th Cir.1990), the court reversed the award in its entirety, holding that the judgment of the trial court was based on factual issues which fell within the exclusive province of the Commissioner of Conservation.