WATKINS, Judge.
This lawsuit is between an oil producer and several local governmental agencies of Caddo Parish. The plaintiff, Total Mina- *1089 tome Corporation (Total Minatome),[1] filed suit against the defendants, Parish of Cad-do (Parish), the Caddo Parish Commission (Parish Commission), and the Metropolitan Shreveport Zoning Board of Appeals, seeking declaratory and injunctive relief. Suit was filed in the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge, on March 11, 1991.[2] The defendants filed, inter alia, an exception to venue. The trial court held a hearing and overruled the exception to venue.
The defendants appealed to this court suspensively and devolutively from the judgment overruling their exception of improper venue.[3]
FACTS
The factual basis of this lawsuit is undisputed. On July 24, 1990, the Louisiana Commissioner of Conservation (Commissioner) issued a permit to Total Minatome for the drilling of an oil and gas well within 1,000 feet of Cross Lake, the City of Shreveport’s only dependable water supply. However, according to the correlated zoning ordinances of the City of Shreveport and the Parish of Caddo, no one may extract minerals from Cross Lake or from within 5,000 feet of Cross Lake without a special exception from the Metropolitan Shreveport Zoning Board of Appeals (Board of Appeals), a joint agency of the city and the parish.
On September 4, 1990, Total Minatome applied to the Board of Appeals for a special exception for the well that had been permitted on July 24, 1990, by the Commissioner. After public hearings, the Board of Appeals rejected the application, and Total Minatome appealed to the Parish Commission. On February 17, 1991, the Parish Commission affirmed the Board of Appeal’s decision. Although the Board of Appeal’s decision has been appealed by Total Minatome in a suit in Caddo Parish, the merits of the administrative decisions are not before this court in this appeal.
VENUE
The dispositive issue in the appeal presented for our consideration is whether East Baton Rouge Parish is the proper venue for the suit by Total Minatome, as plaintiff, against the Caddo Parish defendants. Total Minatome relies on LSA-R.S. 30:12 and the jurisprudence interpreting that statute for the proposition that the venue established therein is exclusive and non-waivable. We find no fault with that proposition or with the cases so holding. However, LSA-R.S. 30:12 must be read in pari materia with the remainder of that part of the conservation title, specifically LSA-R.S. 30:14 and LSA-R.S. 30:16. Only by reading all of the provisions for the venue of cases involving the Commissioner of Conservation, either directly or indirectly, can one appreciate the full legislative scheme for adjudication of cases of this type.
Louisiana Revised Statute 30:12 provides in pertinent part:
A. (1) A person who is aggrieved by any law of this state with respect to conservation of oil or gas, or both, or by a provision of this Chapter, or by a rule, regulation, or order made by the assistant secretary of the office of conservation hereunder, or by an act done or threatened hereunder, and who has exhausted his administrative remedy, may obtain court review by a suit for injunction or judicial review against the assistant secretary as defendant.
(2) Suit for review shall be instituted in the district court of the parish in which the principal office of the assistant secretary is located [East Baton Rouge *1090 Parish] and must be brought within sixty-days of the administrative action that is the subject of the suit. In cases of judicial review of adjudication proceedings, the sixty days shall begin to run after mailing of notice of the final decision or order, or if a rehearing is requested within sixty days after the decision thereon.
* * # * * *
C. (1) Any suit for an injunction brought under this Section shall be tried summarily, and the attorney representing the assistant secretary may have the case set for trial after ten days’ notice to the plaintiff or his attorney of record.
(2) The burden of proof shall be upon the plaintiff, and all pertinent evidence with respect to the validity or reasonableness of the order of the assistant secretary complained of shall be admissible. The law, the provision of this Chapter, or the rule, regulation, or order complained of shall be taken as prima facie valid. This presumption shall not be overcome in connection with any application for injunctive relief, including a temporary restraining order, by verified petition or affidavit of or in behalf of the applicant.
D. The right of appeal shall lie as hereinafter set forth in this Chapter.
Louisiana Revised Statute 30:14 provides:
Whenever it appears that a person is violating or is threatening to violate a law of this state with respect to the conservation of oil or gas, or both, or a provision of this Chapter, or a rule, regulation, or order made thereunder, the commissioner shall bring suit to restrain that person from continuing the violation or from carrying out the threat.
Venue shall be in the district court in the parish of the residence of any one of the defendants or in the parish where the violation is alleged to have occurred or is threatened.
In this suit, the commissioner may obtain injunctions, prohibitory and mandatory, including temporary restraining orders and preliminary injunctions, as the facts warrant, including, when appropriate, injunctions restraining a person from moving or disposing of illegal oil, illegal gas, or an illegal product. Any or all of these illegal commodities may, in the court’s discretion, be ordered impounded or placed under the control of an agent appointed by the court.
Louisiana Revised Statute 30:16 provides:
If the commissioner fails to bring suit within ten days to restrain a violation as provided in R.S. 30:14, any person in interest adversely affected by the violation who has notified the commissioner in writing of the violation or threat thereof and has requested the commissioner to sue, may bring suit to prevent any or further violations, in the district court of any parish in which the commissioner could have brought suit. If the court holds that injunctive relief should be granted, the commissioner shall be made a party and shall be substituted for the person who brought the suit and the injunction shall be issued as if the commissioner had at all times been the complaining party.
The legislative scheme is obvious. If the Commissioner is made a defendant by a party aggrieved by an order, LSA-R.S. 30:12 is the operative statute, and venue is exclusively in East Baton Rouge Parish. However, if the defendant is a party who is violating or threatening to violate an order of the Commissioner, then the plaintiff will be either the Commissioner himself or an interested party in his stead. When the Commissioner or a party who is championing the Commissioner’s order is the plaintiff, venue is in the parish of the defendant. Thus, in the instant case, venue is in Caddo Parish pursuant to the provisions of LSA-R.S. 30:14 and LSA-R.S. 30:16.[4]
The cases cited by the appellee and relied upon by the trial court in overruling the exception to venue are inapposite because they do not encompass a situation in which *1091 the party opposing an order of the commissioner is a defendant, not a plaintiff.
In Vincent v. Hunt, 221 So.2d 577 (La.App. 3d Cir.1969), the plaintiff was a lessor who sued persons claiming an interest in oil production to cancel the lease on the grounds that it had lapsed during an alleged hiatus between two orders of the Commissioner. The court held that suit should have been brought directly against the Commissioner at his domicile because the court was being called upon, at the behest of the plaintiff, to determine the validity of the Commissioner’s orders, not just to interpret the orders. Venue was pursuant to LSA-R.S. 30:12, not 30:14 and 30:16.
In Brown v. Alice-Sidney Oil Co., 343 So.2d 745 (La.App. 2d Cir.1977), suit was brought in Webster Parish for a declaration of rights under certain assignments of oil, gas and mineral leases. The plaintiff alleged that the defendants had applied to the Commissioner to establish a secondary recovery unit without recognition of plaintiff’s interest in the unit. The court held that the injunctive relief that the plaintiff sought was so broad and sweeping in scope as to prevent entirely the implementation of the Commissioner’s order. Because the plaintiffs suit in Brown v. Alice-Sidney Oil Co. was a collateral attack on an order of the Commissioner, exclusive venue was in East Baton Rouge Parish pursuant to LSA-R.S. 30:12.
Finally, in Theriot v. Mermentau Resources, Inc., 385 So.2d 939 (La.App. 3d Cir.), writ denied, 392 So.2d 689 (La.1980), suit was brought to enjoin the operation of a disposal well used to inject chemical waste products into the subsurface of a tract of land in Cameron Parish. The Theriot court held that the suit was an attack by the plaintiffs on an order of the Commissioner, and thus exclusive venue was in East Baton Rouge Parish pursuant to LSA-R.S. 30:12.
The controlling distinction in the instant case is the status of the parties. The plaintiff, Total Minatome, is not a party aggrieved by an order of the Commissioner.[5] The plaintiff is aggrieved by the defendants’ alleged threat of a violation of the Commissioner’s drilling permit. Accordingly, venue is pursuant to LSA-R.S. 30:14 and LSA-R.S. 30:16.
For the above reasons we reverse the decision of the trial court, and we render judgment in favor of the defendants, sustaining their exception to venue and transferring plaintiff's suit to Caddo Parish for further proceedings consistent with this opinion.[6] We cast appellee with all costs of this appeal.
REVERSED, RENDERED, AND TRANSFERRED.

. We note that The Energy Group, Inc. was substituted for Total Minatome Corporation as plaintiff-appellee by order of court dated September 22, 1992.

. On the same day Total Minatome filed suit in the First Judicial District Court, in and for the Parish of Caddo, to appeal administrative decisions that are explained hereinafter.

.Because of Total Minatome’s concession that the Attorney General is not a defendant, the defendants have not asked for a review of the trial judge’s ruling on the exceptions of misjoin-der of a party defendant.

. We pretermit any discussion of the venue provisions of the Louisiana Code of Civil Procedure that were thoroughly argued by the appellants. Title 30 venue provisions are controlling here.

. The statutory scheme of LSA-R.S. 30:12, 14, and 16 also requires a justiciable controversy: suit does not lie where both parties to the litigation seek confirmation of the Commissioner's authority to enter an order. Phillips Petroleum Co. v. Batchelor, 560 So.2d 461 (La.App. 1st Cir.1990).

. We note that plaintiffs suit may need amending to comply with the notification requirements of LSA-R.S. 30:16.