657 So.2d 1085 (1995)
Fred Sharp SANDERS, et al.
v.
Roland GARY, et al.
Nos. 95 CW0070, 95 CW0940.
Court of Appeal of Louisiana, First Circuit.
June 23, 1995.
Rehearing Denied August 9, 1995.
Writ Denied August 10, 1995.
*1086 Patrick W. Pendley, Plaquemine, Donald G. Kelly, Natchitoches, Allan Kanner, William W. Goodell, Jr., New Orleans, Donald Carmouche, Victor Marcello, Donaldsonville, for plaintiffs-appellees.
Richard S. Pabst, New Orleans, G. William Jarman, Linda S. Akchin, Katherine W. King, Charles S. McCowan, III, William E. Latham, II, Baton Rouge, James P. Dore, Plaquemine, for Texaco-appellant.
Dexter A. Gary, Houma, for Roland Gary, et al.
Before LOTTINGER, C.J., and WATKINS and FOGG, JJ.
WATKINS, Judge.
This case is before us on two emergency applications for writs filed by Texaco regarding plaintiffs' request for preliminary and permanent injunctive relief in the trial court; the applications filed by Texaco were accompanied by requests for a stay, which this court granted. A recital of the factual and procedural background of this case is unnecessary.
In their brief dated May 16, 1995, plaintiffs have accurately stated the issue that is before this court:
Whether a trial court, in an action for damages and injunctive and declaratory relief has the jurisdiction to hear a request for a [temporary or] permanent injunction based upon an allegation of breach of the injection well lease agreements between Plaintiffs and Texaco or based upon a finding that Texaco's actions under the color of those injection well leases are causing damage and/or constitute a nuisance or trespass.
Because Texaco concedes that the Eighteenth Judicial District Court has jurisdiction to decide the delictual and the contractual issues in this case, the other issues posed by plaintiffs are not before us.
Originally plaintiffs sought to enjoin the operation of the J.O. Long No. 5 well and the J.O. Long No. 1 well. Before the hearing on the preliminary injunction, the trial court heard Texaco's exceptions of lack of subject matter jurisdiction, improper venue, no right of action and/or lack of procedural capacity and improper use of summary proceedings. During the hearing on the exceptions, the issues regarding the request for injunctive relief were narrowed by the parties. Counsel for Texaco stated that the No. 5 well was not at issue, as Texaco had previously discontinued use of that well. Counsel for plaintiffs limited the request for injunctive relief to whether the actions of Texaco should be enjoined as in violation of the contracts of lease between Texaco and the Longs.
The trial court determined it had jurisdiction to hear the evidence and to preliminarily enjoin Texaco's activities that cause damage to plaintiffs' property or are in violation of the contract, pending a full trial on the merits. The trial court also implied that it had jurisdiction to issue a permanent injunction following trial on the merits if the evidence warranted same. We find no error in the trial court's ruling.
Plaintiffs have cited Magnolia Coal Terminal v. Phillips Oil Co., 576 So.2d 475 (La. 1991) for the proposition that damages from soil pollution are in the conventional knowledge and expertise of the trier of fact, as contrasted with the knowledge and expertise of the Commissioner of Conservation. The Louisiana Supreme Court held that a trial court may award damages despite a pending determination by the Commissioner.
Indeed, Magnolia Coal is authority for the trial court's exercise of jurisdiction over the *1087 damage claim for tort and/or contract breach involved in the instant case. However, we find the case of Greater New Orleans Expressway Commission v. Traver Oil Company, 494 So.2d 1204 (La.App. 5th Cir.1986) is directly on point and persuasive authority for the specific proposition that the trial court has jurisdiction to issue injunctions, when warranted, despite a claim that the case involves mineral production regulated by the Commissioner of Conservation.
In the Greater New Orleans Expressway case, the Expressway Commission filed for injunctive relief to prohibit Traver Oil Company from drilling a well at the location for which the State of Louisiana had issued the drilling permit, which was within one mile of the Causeway. Although the trial court issued a preliminary injunction, the Expressway Commission was dissatisfied with the limitations placed on Traver Oil and took an appeal to the Court of Appeal, Fifth Circuit.
Before addressing the issues on the merits of the Expressway Commission's claim, the appellate court considered the issue of lack of jurisdiction raised by Traver Oil. The company cited LSA-R.S. 30:12, the statute that vests exclusive jurisdiction to challenge the issuance of a drilling permit with the Nineteenth Judicial District Court for the Parish of East Baton Rouge, and Theriot v. Mermentau Resources, Inc., 385 So.2d 939 (La. App. 3d Cir.), writ denied, 392 So.2d 689 (La.1980). The Fifth Circuit Court of Appeal distinguished Theriot, stating that the case involved an attack on a permit issued by the Commissioner of Conservation, but that the Expressway Commission action against Traver Oil was not a specific attack on the permit issued. The appellate court also rejected a contention by Traver Oil that under Title 30, the Expressway Commission had no right of action to seek an injunction. The court stated that Title 30 contained no language prohibiting the issuance of an injunction to protect the public safety and welfare.
Although the Greater New Orleans Expressway case involved an alleged threat to the safety of a public facility, we find the court's reasoning just as pertinent to the situation in the instant case, involving an alleged threat to the well-being of private lands.
Similarly, there is no merit in Texaco's argument regarding the authority of the Louisiana Department of Environmental Quality (LDEQ) over the subject matter of this litigation. Texaco's basic argument is that the exclusive jurisdiction to regulate the remediation of Louisiana waters vests in the LDEQ, and that exclusive jurisdiction to challenge a decision or order of the LDEQ lies with this court under LSA-R.S. 30:2024(C). Suffice it to say that our reasons for rejecting Texaco's contention that jurisdiction of the trial court was barred by the Commissioner of Conservation's authority over mineral production are equally applicable to Texaco's contentions regarding LDEQ's authority.
Accordingly, Texaco's contentions that the trial court erred in overruling its exceptions are without merit. The stay orders previously issued are no longer required. All costs in this court are to be assessed against Texaco.
WRITS DENIED; STAY ORDERS REVOKED AND RESCINDED.