FRUGÉ, Judge.
Plaintiffs filed this suit on August 22, 1960, seeking to set aside for constitutional reasons, Order No. 307-B-l issued by the Louisiana Conservation Commissioner. Additionally, plaintiffs sued various Mire Heirs and their successors in title seeking a declaratory judgment of ownership in in-división of certain mineral interest. Plaintiffs also seek the cancellation of a mineral lease; naming Continental Oil Company and Texas Eastern Transmission Corporation as defendants in this regard. The defendant Conservation Commissioner filed exceptions to the jurisdiction ratione personae and ratione materiae of the trial court. By the former exception it is contended that the Conservation Commissioner can be sued only in East Baton Rouge Parish, while the latter submits that the trial court lacked jurisdiction because plaintiffs had not exhausted their administrative remedies. The trial court sustained the exceptions and dismissed plaintiffs’ suit as to the Conservation Commissioner. From this judgment of dismissal plaintiffs have appealed.
The sole question presented by this appeal concerns the correctness of the trial court’s ruling on the exceptions filed by the defendant Conservation Commissioner. Thus the allegations as to the other parties defendant named in this suit are neither pertinent nor relevant.
Concerning the issue of jurisdiction ra-tione personae, LSA-R.S. 30:12 provides:
“Court review and injunction; venue; procedure; burden of proof “An interested person adversely affected by any law or this state with respect to conservation of oil or gas, or both, or by a provision of this Chapter, or by a rule, regulation, or order made by the commissioner hereunder, or by an act done or threatened thereunder, and who has exhausted his administrative remedy, may obtain court review and seek relief by a suit for an injunction against the commis-missioner as defendant. Suit shall he instituted in the district court of the parish in which the principal office of the commissioner is located and shall he tried summarily. * * * ” (Emphasis added.)
This statute pronounces in precise language that a suit against the Conservation Commissioner must be brought in the parish in which the principal office of the commissioner is located. 'Since the commissioner’s principal office is located in East Baton Rouge Parish, it must necessarily follow that this is the proper venue for bringing suit. Accordingly, the exception to the jurisdiction of the trial court was properly sustained.
As to the question of the jurisdiction ratione materiae, we are of the opinion that we should pretermit an opinion. Under our above analysis, plaintiffs’ suit as to *894 the defendant Conservation Commissioner was properly dismissed, thus any decision which we might render on this exception would have no bearing on the disposition of the case at bar.
For the reasons assigned the judgment of the trial court is affirmed at appellants’ cost.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.