221 So.2d 577 (1969)
Mabel Hulin VINCENT, Plaintiff and Appellant,
v.
H. L. HUNT et al., Defendant and Appellee.
No. 2660.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1969.
*578 Mouton, Roy, Carmouche, & Hailey, by John A. Bivens, Lafayette, Edwards, Edwards & Broadhurst, by Nolan J. Edwards, Crowley, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by Lawrence E. Donohoe, Jr., Lafayette, for defendant-appellee.
Before TATE, FRUGE and SAVOY, JJ.
FRUGÉ, Judge.
This is a suit for cancellation of an oil, gas and mineral lease and for an accounting of the proceeds of production. The lease was granted by plaintiff, Mabel Hulin Vincent, to F. J. Muller on September 20, 1963. The defendants are the persons presently claiming in one manner or another an interest *579 in the lease or in the production therefrom.
After the granting of the lease, a well was drilled and completed on adjoining land. This well was designated as the H. L. HuntZaunbrecher No. 1 well and it began commercial production on November 4, 1965, continuously producing in a paying quantity since that time.
On February 7, 1966, a public hearing was held and the Commissioner of Conservation issued Order No. 721 which established a unit for the producing well. This unit, designated "Marg. Tex. SU A Zaunbrecher No. 1" included a portion of the lands leased by plaintiff herein. The wording of Order No. 721 included the following paragraph:
"The units hereby established and created shall be considered as temporary units to continue in full force and effect in accordance herewith for a period of one (1) year from the effective date hereof, unless such time be extended by appropriate order of the Commissioner of Conservation, which may be done without the necessity of a formal hearing. Upon the termination of said period of one (1) year, or the period of any extension granted as hereinabove provided, applicant shall call another hearing to consider additional geological and engineering evidence with respect to this sand and reservoir for the purpose of establishing and creating permanent units."
In March of 1967, the Commissioner of Conservation caused to be issued a "Supplement to Order 721", which supplement was dated March 27, 1967, and made effective April 1, 1967. This supplemental order provided in part that:
"Department of Conservation Order No. 721, effective on and after February 1, 1966, be and is hereby supplemented by the substitution of the following paragraph for Paragraph 6 of the Order Section of Order No. 721:
"`6. When sufficient geological information is available, and in any event not later than July 1, 1967, another public hearing shall be called, after legal notice, to consider whether the drilling units created herein should be revised; it being provided, however, that the Commissioner reserves the right, upon written application and upon showing of a valid basis therefor, to extend the time for the calling of such an additional hearing by supplemental order, without the necessity of a public hearing.'"
Effective July 1, 1967, the Commissioner of Conservation, pursuant to notice and hearing, issued his Order No. 721-A. This order created new units covering production from the well which had been previously unitized. The new unit was designated as "UMT SU A Zaunbrecher No. 1." The units created by the original Order No. 721 and the later Order, No. 721-A, all included within their limits the disputed acreage in this case.
The basis of this suit by plaintiff is her allegation that the mineral lease lapsed as to that part of the acreage included in the units mentioned previously. She alleges that for a continuous period of more than ninety days there was neither drilling operations nor production from or allocated to the disputed acreage. Her argument is that on its face Order No. 721 terminated one year from its origin, and since it was more than five months before Order 721-A created a new unit covering the disputed acreage, for that five-month period there was no unit and therefore no production attributed to lease acreage.
Defendants filed a motion for summary judgment and exceptions of lack of jurisdiction over the subject matter, and of nonjoinder of an indispensable party, namely the Commissioner of Conservation. These pleadings essentially directed themselves to the point that this suit was attacking an order of the Commissioner of Conservation and that therefore it should have been brought directly against the Commissioner at his domicile in Baton Rouge. L.S.A.-R.S. 30:12.
*580 After trial on the motion and exceptions, the court ruled that the suit was a collateral attack and it maintained the motion for summary judgment and the exception to the jurisdiction, thus dismissing plaintiff's suit. A devolutive appeal was taken by plaintiff.
The sole issue before this court is whether the exception and motion were properly sustained in that this suit is actually an attack on an order of the Department of Conservation, which L.S.A.-R.S. 30:12 commands must be brought in Baton Rouge, with the Commissioner being made a party.
L.S.A.-R.S. 30:12 provides in part:
"An interested person adversely affected by any law of this state with respect to conservation of oil or gas, or both, by a provision of this Chapter, or by a rule, regulation, or order made by the commissioner hereunder, or by an act done or threatened thereunder, and who has exhausted his administrative remedy, may obtain court review and seek relief by a suit for an injunction against the commissioner as defendant. Suit shall be instituted in the district court of the parish in which the principal office of the commissioner is located and shall be tried summarily. * * * The law, the provision of this Chapter, or the rule, regulation or order complained of, shall be taken as prima facie valid. This presumption shall not be overcome in connection with any application for injunctive relief, including a temporary restraining order, by verified petition or affidavit of or in behalf of the applicant. The right of review accorded by this Section shall be inclusive of all other remedies, but the right of appeal shall lie as hereinafter set forth in this Chapter."
It was the defendants' contention in trial court and here on appeal, and evidently the trial judge accepted the argument, that plaintiff is in reality collaterally attacking the validity of an order issued by the Commissioner of Conservation, all in violation of the procedure set out in L.S.A.-R.S. 30:12. They allege that plaintiff's argument simply avoids the presence of the "Supplement to Order 721", which "order", say defendants, must be attacked by plaintiff to be successful in her suit.
Plaintiff's argument is simply that she can maintain her suit without the necessity of attacking an order of the Commissioner, and that her petition reveals no attempt to do so in violation of L.S.A.-R.S. 30:12 or the general law of this state. She alleges that not only is she not attacking the orders, but she rather seeks to effectuate them. Order 721, says plaintiff, by its wording terminated the original unit one year from its date of formation, or February 1, 1967. As to the "Supplement", the plaintiff would have this court give it no effect for reasons to be discussed shortly. The new order, No. 721-A, coming too late, the lease should be canceled on the grounds mentioned earlier.
To clear herself of the charges of violating LSA-R.S. 30:12, plaintiff puts forth three main arguments that this court can find. First, if she is concerned in this suit with an interpretation of an order of the Commissioner, such matter is only an incidental part of the action to cancel the lease. Anisman v. Stanolind Oil and Gas Company, 98 So.2d 603 (La.App. 2d Cir., 1957).
This argument the court cannot accept. Order No. 721 is prima facie valid, and unless it is set aside or ignored the plaintiffs have no cause of action. The suit thus requests not an interpretation, but instead a determination of the invalidity of Order No. 721.
Plaintiff attempts to find support for her position in the case of Fontenot v. Humble Oil and Refining Company, 210 So.2d 340 (La.App. 3d Cir., 1968). A reading of that case, however, reveals the fact that although plaintiff argued that the District Court had erred in failing to find that a unit created by a Conservation Order had expired one year from the effective date of *581 the order and that Commissioner of Conservation was powerless to issue an order with retroactive effect, the Court was able to answer plaintiff's contention by simply reading the order itself, with no effort at interpretation. In Fontenot, accepting the Commissioner's order as valid, the court interpreted its legal effect. In the present case, the plaintiff instead asks the court to determine that the orders of the Commissioner of March 27, 1967, and July 1, 1967, are ineffective in extending or creating service units despite their prima facie validity.
As a second argument, plaintiff contends that she is only seeking an interpretation of a valid conservation order. Her chain of reasoning goes somewhat like this. If the unit created by Order 721 did not expire on February 1, 1967, then the "Supplement" to that order can have no relevance to this case. If the unit created by Order 721 did expire on February 1, 1967, then this Supplement does not purport to revive it, and thus it still has no relevance to the case, since the existence of the unit is all that could be involved here. Lastly, if the Supplement purports to create or revive the unit created by Order 721, then it is void ab initio, and therefore, it may be collaterally attacked. Allen v. Commercial National Bank in Shreveport, 243 La. 840, 147 So.2d 865 (1962).
This argument is refuted by plaintiff's own brief, as is exemplified by the following quotations therefrom:
"The issue is not whether the orders should be given their legal effect, but rather the issue is `what is the legal effect?'"
* * * * * *
"As to the `Supplement', it is not necessary in this case to decide the complete legal effect. It is only necessary to decide that it does not have the legal effect of creating a new unit, which it, on its face cannot do."
Further, after stating the argument noted previously, plaintiff requested that the court do the following:
"The `Supplement' does not require the interpretation placed on it by defendants. We are called upon to give this document an interpretation which would accord it some legal status. We need not here decide what effect the supplement might have, nor to secure some acceptible interpretation of it. All that is needed, on this appeal, is to decide that:
(a) If it is construed as an order attempting to create or revive a unit, it is null and void, or;
(b) The supplement does not purport to effect the existence, or lack thereof, of the unit which had already expired." (Emphasis supplied.)
The above seemingly, without question, shows that plaintiff is asking that this court annul a commissioner's order or ignore its prima facie meaning. Plaintiff does so in a clear request that this court rule on the effect that the "Supplement to Order 721" had on the existence of the original unit created by Order 721, and thus, the effect it had on the lease. This court is unable to conceive of a manner in which we can interpret said supplement without in effect the possibility of allowing an attack on it by plaintiff in violation of the procedure set out in L.S.A.-R.S. 30:12.
As a last argument, plaintiff alleges that even if she is in effect collaterally attacking Order No. 721, and the Supplement to Order 721, since these orders have been superseded by Order No. 721-A, this issue is moot. In brief she declares that the commissioner could not be adversely affected, in that Order 721 has already served its conservation purpose and that only Order 721-A has any life now. Therefore, the suit against the Commissioner would be a vain and useless thing, alleges plaintiff, for no meaningful judgment could be sought or rendered against him.
*582 Plaintiff cites as authority for her allegation the case of Hunter Co. v. McCue, 320 U.S. 222, 64 S.Ct. 19, 88 L.Ed. 5 (1943). In that case the issue before the court was actually moot. The appellant complained of an order by the Commissioner of Conservation which he alleged deprived him of certain constitutional rights. The State courts had only considered this order and had never considered subsequent orders which remedied the situation. The Supreme Court held that the only order before it was that complained of by the plaintiff, and that reviewed by the state courts, and that since there were subsequent orders issued, that the issue involving the validity or the constitutionality of the original order had therefore become moot.
In this case, we have no question similar to that noted above. Defendants are correct in their contention that the issue as to Order 721 and its supplement, is actually what were their effect at the time that they had life. Plaintiff is trying to cancel the lease for a breach thereof, which happened in 1967. Therefore, her cause is governed by whether the orders were effective in extending or creating the units according to their terms, or whether instead they were invalid in their attempts to do so. For that reason, we feel that the issue is by no means moot.
In summary of the above discussion, we have found that plaintiff is attempting to collaterally attack orders of the Commissioner of Conservation in a manner prohibited by L.S.A.-R.S. 30:12. It is only left for us to consider whether the procedural methods used by defendant, and sustained by the trial court, to enforce L.S.A.-R.S. 30:12's prohibition, were proper.
THE TRIAL COURT'S RULING:
The trial court granted the motion for summary judgment and sustained the exception pleading lack of jurisdiction by the court over the subject matter. After a close reading of the record and the briefs, and a study of the provisions of the Code of Civil Procedure in regard thereto, it is the opinion of this court that the lower court was actually in error in granting the motion for summary judgment. The motion is not really applicable to the situation at hand. See Arts. 966-969, C.C.P. (1960). According to the provisions of the Code, the motion should only be granted where there is "no genuine issue as to material facts and the mover is entitled to judgment as a matter of law." Here we believe that there are "material issues of fact", but nevertheless the true issue is that of venue. Should this case have been brought in the proper venue, there is surely the possibility that the pleadings raise material issues of fact, and thus the defendant should not have been granted the motion.
As to the exceptions we find that this action, since it questions an order of the Commissioner of Conservation, cannot be brought without joining him as a party, and only at his statutory domicile in East Baton Rouge Parish, L.S.A.-R.S. 30:12. Under our previous interpretations, the latter is a "jurisdictional" venue, of a nature akin to those enumerated in C.C.P. Art. 44 as non-waivable. See, Mire v. Hawkins, 147 So.2d 892 (La.App. 3d Cir., 1962), writs denied, 244 La. 116, 150 So.2d 584 (1963).
Although the defendants did not file an exception specifically entitled as an exception to venue, their exception entitled "Exception to Jurisdiction of the Court over the Subject Matter of this Suit", we believe truly excepted to venue, and therefore we can consider it as such. As was stated by Judge Dore in the case of Chachere v. Moses George and Son, 165 So. 522 at 523 (La.App. 1st Cir., 1936): "It is not what a thing is termed or called that makes it such, but it should be classed as what it contends. It is not what a pleader styles as pleaded which governs the pleadings, but it is what is averred in the pleadings." See also, Reid v. Crain Brothers, *583 134 So.2d 917 (La.App. 3d Cir., 1961) and citations therein.
The action should as well have been dismissed on the failure of the plaintiff to join as a party the Commissioner of Conservation. L.S.A.-R.S. 30:12 provides that a person aggrieved by an order of the Commissioner of Conservation is required to bring the action against him as defendant. In view of the foregoing statute, the Commissioner is an indispensable party, and the failure by the plaintiff to join him as such, moves us to dismiss the action filed in Acadia Parish, since no adjudication can take place without him. See, LSA-C.C.P. Art. 641, and Mire v. Hawkins, 177 So.2d 795 (La.App. 3d Cir., 1965). We take such action in view of the fact that the failure to join an indispensable party may be noticed by the appellate court on its own motion. L.S.A.-C.C.P. Art. 645.
For the foregoing reasons we affirm the dismissal of this action by the trial court, said dismissal to be as of non-suit. The plaintiff-appellant is to pay the cost of this appeal.
Affirmed.