675 So.2d 1214 (1996)
LIVINGSTON DOWNS RACING ASSOCIATION, INC.
v.
LOUISIANA STATE RACING COMMISSION.
No. 96-C-1215.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1996.
*1215 Darlene S. Ransome, Baton Rouge, and Victor A. Sachse, III, Claude F. Reynaud, Jude C. Bursavich, Breazeale, Sachse & Wilson, Baton Rouge, for Plaintiff-Relator.
Richard P. Ieyoub, Attorney General, Melinda M. Tucker, Assistant Attorney General, Paul N. Sens, Assistant Attorney General, New Orleans, for Defendant-Respondent.
Before SCHOTT, LANDRIEU and MURRAY, JJ.
SCHOTT, Chief Judge.
On the application of Livingston Downs Racing Association, Inc., relator, we grant certiorari in order to consider the validity of the judgment of the trial court granting the motion of Louisiana State Racing Commission, dismissing relator's suspensive appeal from the Commission's decision to revoke relator's license.
Relator was notified that its license "to conduct race meets" had been revoked by the Commission at its meeting held on April 29, 1994. Relator's remedy was set out in LSA.R.S. 4:158 as follows:
Should the commission ... revoke an association's license ... said association may within ten days of the notification of the commission's decision take a suspensive appeal to the district court having jurisdiction over the association's track. Such appeals shall be filed in the district court in the same manner as original suits are instituted therein. The appeals should be tried de novo. Either party may amend and supplement his pleadings and additional witnesses may be called and heard.
On April 29, 1994, relator filed its suspensive appeal in the Twenty-First Judicial District Court for the Parish of Livingston where relator's track was to be operated. The Commission filed an exception to the venue of Livingston Parish which was overruled by the trial court on September 27, 1994. This judgment was reversed by the Supreme Court on April 28, 1995, with the explanation:
Exception of venue sustained. La.R.S. 4:145.1. Case transferred to the Civil District Court for the Parish of Orleans.
Although the judgment of the Supreme Court became final on June 16 when rehearing was denied, nothing happened until September 8 when the Livingston Parish Clerk of Court transferred the record to the Civil District Court. On April 4, 1996, the Commission filed its motion to dismiss relator's petition and on May 15 the trial court rendered its judgment granting the Commission's motion and dismissing relator's suspensive appeal. On May 19, relator filed a petition in the trial court for a suspensive appeal to this court, but on May 21 the trial judge denied the suspensive appeal and granted a devolutive appeal. On May 23, relator filed in this court an application for supervisory writs with respect to the May 15 judgment and a request for a stay order. We issued a stay order and secured a response to relator's application prior to the present grant of certiorari.
Before reaching the merits of the judgment of the trial court, we must consider the Commission's argument that the exercise of our supervisory jurisdiction is somehow prohibited by R.S. 4:158. In pertinent part this statute provides the following remedy for the unsuccessful litigant who has taken a suspensive appeal to the district court from a decision of the Commission:

*1216 Within ten calendar days of the signing of the judgment by the district court in any such appeal case, the commission or the applicant for a license or licensee, as the case may be, may suspensively appeal the judgment to the appellate court of proper jurisdiction. These appeals shall be perfected in the manner provided for in civil cases and shall be suspensive or devolutive in the discretion of the court.
While this statute provides the litigant with the right to take an appeal and restricts the time in which such an appeal may be taken to only ten days instead of the general rules found in C.C.P. arts. 2087 and 2123, the statute does not purport to prevent or prohibit the litigant from invoking the supervisory jurisdiction of the appellate court. The power of the court of appeal to exercise its supervisory jurisdiction is conferred by the Constitution, art. V, § 10(A) and is recognized by law. C.C.P. art. 2201. Neither the Constitution nor the statutes prohibit the appellate court from exercising its supervisory jurisdiction in this sort of case.
On the other hand, the difference between supervisory jurisdiction and appellate jurisdiction is that the former is discretionary on the part of the appellate court while the latter is invocable by the litigant as a matter of right. As a general rule, the court of appeal does not exercise its discretionary supervisory jurisdiction in the absence of a showing that the failure to do so will result in irreparable injury. Where an appeal would provide an adequate remedy there would normally be no irreparable injury and the court would not issue certiorari to review the judgment complained of.
We have resolved that this case is an appropriate one for the exercise of our supervisory jurisdiction. The statutory scheme found in R.S. 4:158 leaves no doubt but that the legislature intended for the procedure for judicial review of a decision by the Commission to be expeditious. For example, the ten day period provided for judicial review of a Commission decision contrasts sharply with the thirty day period provided by the Administrative Procedure Act, R.S. 49:964(B). The ten day period for an appeal also contrasts with the normal periods for taking appeals as mentioned above and applicable to the Administrative Procedure ActR.S. 49:965. Also, R.S. 4:158 specifically mandates the appellate court to give precedence to a case such as this over other civil cases.
The present case is readily susceptible to disposition on the record before us. Furthermore, as will be seen, the judgment under consideration is clearly erroneous. The interests of justice would not be served were we to decline to exercise our supervisory jurisdiction and allow the appeal taken by relator to take its course. To do so would trigger a delay of several months and the ultimate result would clearly be the same as the one we are now prepared to reach. Parenthetically, we note that an inordinate length of time passed between the date when the judgment of the Supreme Court became final and the date the judgment of the district court was rendered. Each party blames the other for this delay, and, while it is not necessary for us to fix the blame for the delay, it does appear that each party bears some responsibility for it. More diligence on the part of either would have provoked a much earlier resolution. In any event, it behooves this court to put an end to the delay and provide an expeditious resolution of the controversy to the extent that we are able.
In reasons for judgment the trial judge found as follows:
It is well-settled that venue for an action against a state agency or commission is jurisdictional and non-waivable. When a statutory jurisdictional venue provision vests exclusive venue in a particular court, only that court has subject matter jurisdiction. See Mire v. Hawkins, 147 So.2d 892 (La.App. 3d Cir.1962), writ denied, 244 La. 116, 150 So.2d 584, 1963, Vincent v. Hunt, 221 So.2d 577 (La.App. 3d Cir.1969).
The trial judge reasoned that the filing of relator's petition for suspensive appeal in Livingston Parish, which lacked subject matter jurisdiction, was without effect and could not interrupt the ten day prescriptive period set out in R.S. 4:158 for filing such action. This reasoning is erroneous. In the *1217 Mire case, suit was filed against the Conservation Commissioner in the Parish of Acadia. An exception to the court's lack of jurisdiction over the person of the defendant was filed because law required the suit to be filed in East Baton Rouge Parish. The appellate court held that the exception was properly sustained because East Baton Rouge Parish was "the proper venue for bringing suit." In that case, the trial court had also sustained an exception to the court's lack of jurisdiction over the subject matter which was based upon the plaintiffs' failure to exhaust administrative remedies, but the appellate court pretermitted discussion and disposition of this exception.
Similarly, in the Vincent case the court affirmed the trial court's judgment again on the ground that only East Baton Rouge Parish and not St. Charles Parish was the proper venue for a suit against the Commissioner of Conservation. Unfortunately, the Vincent court engaged in some erroneous dicta with respect to non-waivable or so called "jurisdictional" venue found in C.C.P. art. 44. However, this article provides that venue may not be waived only in certain specified types of proceedings, none of which has application to the action in the Vincent case or to the present case.
The trial court in the present case as well as the Third Circuit in the cited cases seem to confuse jurisdiction over the person, C.C.P. art. 925(5) and improper venue, art. 925(4) with jurisdiction over the subject matter, art. 925(6). This article flatly declares that all the exceptions of art. 925 except as to subject matter may be waived including venue and jurisdiction over the person. Consequently, the trial court erroneously equated subject matter jurisdiction with personal jurisdiction and venue. Finally, C.C.P. art. 932 provides that an action brought in a court of improper jurisdiction or venue may be transferred to a proper court.
In the present case the Supreme Court held that relator's suit was filed in a court without venue over the Commission, and pursuant to art. 932, it transferred the case to the court of proper venue. Even though filed in the wrong venue, service on the Commission was made within the ten day period prescribed by R.S. 4:158 so that prescription was interrupted. C.C. art. 3462.
Accordingly, the judgment of the trial court dismissing relator's suspensive appeal from the Commission's ruling is reversed and set aside. The case is remanded to the trial court for proceedings in accordance with R.S. 4:158. This court's stay order of May 23 is recalled.
REVERSED AND REMANDED; STAY ORDER RECALLED.