751 So.2d 465 (2000)
JEFFERSON DOWNS CORPORATION, INC., et al.
v.
LOUISIANA STATE RACING COMMISSION.
Livingston Downs Racing Association
v.
Louisiana State Racing Commission.
Nos. 99-CA-1001, 99-CA-1002.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 2000.
Rehearing Denied March 16, 2000.
*466 Richard P. Ieyoub, Attorney General State of Louisiana, Kim Raines Chatelain, Assistant Attorney GeneralState of Louisiana, New Orleans, Louisiana, Counsel for Defendant/Appellee.
Darlene S. Ransome, Ransome Law Firm, L.L.C., Baton Rouge, Louisiana, and Victor A. Sachse, III, Claude F. Reynaud, Jude C. Bursavich, Breazeale, Sachse & Wilson, L.L.P., Baton Rouge, Louisiana, and J. Marvin Montgomery, Baton Rouge, Louisiana, Counsel for Plaintiff/Appellant.
Court composed of Judge CHARLES R. JONES, Judge MOON LANDRIEU, Judge DENNIS R. BAGNERIS, Sr.
LANDRIEU, Judge.
Livingston Downs Racing Association, Inc. ("Livingston Downs") appeals from a trial court judgment dismissing its suit against the Louisiana State Racing Commission ("Racing Commission"). The trial judge dismissed the suit, finding Livingston Downs failed to comply with the terms of a consent judgment that the parties had entered into on November 15, 1996. We affirm the judgment of the trial court.
At its meeting held on April 29, 1994, the Racing Commission revoked Livingston Downs' ten-year license to conduct race meets. Livingston Downs filed a petition for judicial review of the Racing Commission's action in the Twenty-First Judicial District Court for the Parish of Livingston. By judgment of the Louisiana Supreme Court the matter was transferred to Civil District Court for the Parish of Orleans pursuant to La. R.S. 4:145.1. The case was then consolidated with a related matter, Jefferson Downs, Inc. et al. v. Louisiana State Racing Commission, No. 92-20961, Division G, Orleans Parish Civil District Court. After the trial court dismissed the suit as untimely, Livingston Downs petitioned Civil District Court for a suspensive appeal. The trial court denied the suspensive appeal but granted a devolutive appeal. Livingston Downs subsequently filed a writ application to this Court. We granted the writ application and remanded the matter for the granting of a suspensive appeal in Livingston Downs Racing Association, Inc. v. Louisiana State Racing Commission, 96-1215 (La.App. 4 Cir. 6/5/96), 675 So.2d 1214, writ denied, 9601750 (La.9/3/96), 678 So.2d 558.
To avoid further litigation, the parties entered into a consent judgment and settlement agreement on November 15, 1996. The consent judgment suspended Livingston *467 Downs' license for two years and further provided that within two years Livingston Downs had to submit a new application which included a binding, enforceable commitment letter(s) in an amount not less than ten million dollars ($10,000,000) for the construction of a racing facility, oval and backside or the case would be dismissed. The specific paragraphs of the consent judgment pertinent to this appeal read as follows:
6. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any application for permits or licenses to be issued to Livingston Downs Racing Association, Inc., which applications are filed on its own behalf and shall conform to the provisions of La. R.S. 4:158 and 4:147(4)(a) through (g) and 147(5), shall include within the application binding, enforceable commitment letter(s), in an amount not less than TEN MILLION ($10,000,000.00) DOLLARS, which provides for the funding of the construction of the racing facility, including a grandstand, a racing oval and a backside, on the timetable as set forth hereinafter.
7. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that commitment letter(s) shall issue from a source or sources suitable to and acceptable to the Commission, after prompt investigation, which may include utilization of the Racing Investigations Unit of the Louisiana State Police as well as its own staff and consultants, and in which investigation Livingston Downs Racing Association, Inc., its owners and management shall fully cooperate.
8. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Louisiana State Racing Commission, upon completion of its investigation, shall promptly act upon the application and shall not unreasonably withhold its approval or acceptance of the funding source(s).
9. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon its approval of the funding source(s), as well as the moral and financial qualifications of any partners, shareholders, officers and officials of Livingston Downs Racing Association, Inc., other than Al J. Ransome, then the Louisiana State Racing Commission shall issue to Livingston Downs Racing Association, Inc. a ten year license to operate a racetrack as provided by law and shall approve an application for live race meetings for a period not exceeding three racing years, and shall lift the suspension of the ten year license which issued on May 27, 1993.
15. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event Livingston Downs Racing Association, Inc. fails to file an application with binding, enforceable commitment letters(s), in an amount not less than TEN MILLION ($10,000,000.00) DOLLARS, which provides for the funding of the construction of the racing facility, including a grandstand, a racing oval and backside, on the timetable as set forth hereinabove, then these proceedings shall be dismissed with prejudice at plaintiff's cost.
16. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event an application is timely filed, but the Commission withholds its approval or acceptance of the funding source(s) or otherwise refuses to issue the ten year license, or otherwise refuses to act upon the application in a prompt manner, then Livingston Downs Racing Association, Inc. may after October 31, 1998, obtain judicial review of such action by summary proceedings or in a trial de novo or otherwise apply to this Court for appropriate relief.
18. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any party may apply to this Court for a status hearing and this Court shall retain jurisdiction for the enforcement of this Consent Judgment.
By terms of the settlement agreement, Livingston Downs and the Racing Commission *468 settled other litigation affecting both parties and individual past members of the Racing Commission. Both the consent judgment and settlement agreement were approved at an open meeting pursuant to Louisiana's Open Meeting Law, La. R.S. 42:4.1 et seq., which was conducted in accordance with the Administrative Procedure Act, La. R.S. 49:950 et seq.
As the deadline approached, Livingston Downs sent a letter to the Racing Commission requesting a one-year extension. The Commission considered the request at an executive session convened in an open meeting on September 26, 1998, and, shortly thereafter, responded to the request by letter stating that it was committed to abide by the terms of the consent judgment as entered into by the parties.
On October 30, 1998, the Commission received via fax the following documents: 1) an application by Livingston Downs Racing Association, L.L.C. for a license; 2) a financial statement of Livingston Downs Racing Association, L.L.C.; 3) the balance sheet of Livingston Downs Racing Association, Inc.; and 4) a "Conditional Commitment for Collaterlized Mortgage Financing" by Remington Financial Group, Inc. to applicant Al Ransome, Livingston Downs Racing Association, Inc.
On November 10, 1998, the Racing Commission filed a motion to dismiss Livingston Downs' suit, arguing that Livingston Downs failed to satisfy the terms and conditions of the consent judgment. Specifically, it argued that the Conditional Commitment for Collaterlized Mortgage Financing was not a binding, enforceable commitment in an amount not less than ten million dollars. It also argued that contrary to La. R.S. 4:147(4) the conditional commitment allowed for ownership in Livingston Downs Association, L.L.C. by unknown persons at the sole discretion of Remington Financial Group. The Racing Commission also objected to the application because it was in the name of Livingston Downs Racing Association, L.L.C. rather than Livingston Downs Racing Association, Inc., the named plaintiff in the suit and consent judgment.
After a contradictory hearing the trial judge dismissed Livingston Downs' suit with prejudice at its cost pursuant to the November 15, 1996 consent judgment.
On appeal, Livingston Downs argues the trial court erred in dismissing its suit for two reasons. First, it contends the Racing Commission failed to take official action to authorize the filing of the motion to dismiss in violation of the Open Meeting Law. Second, it contends the Commission failed to follow the procedures set forth under the Administrative Procedure Act relevant to the revocation of a license and the conduct of adjudicatory proceedings. The Racing Commission, on the other hand, argues the only issue on appeal is whether the trial court was correct in finding Livingston Downs had not complied with the consent judgment.
Livingston Downs is correct that the Administrative Procedure Act and Open Meeting Law apply to actions taken by the Racing Commission. The record indicates that the Racing Commission complied with these statutes when it initially revoked Livingston Downs' ten-year license at an open meeting on April 29, 1994 in Bossier City and when it later approved the consent judgment and concurrent settlement agreement on November 15, 1996. Once the consent judgment and settlement were approved and entered into in accordance with the Open Meeting Law and Administrative Procedure Act, the parties were bound by the provisions of the consent judgment, over which the trial court expressly retained jurisdiction. Nowhere in the consent judgment does it provide the Racing Commission had to convene in an open meeting to authorize the filing of the motion to dismiss Livingston Downs' suit for failure to comply with the terms of the consent judgment.
Livingston Downs' argument that the granting of the Racing Commission's motion to dismiss was an improper adjudication *469 of its license is without merit. The Racing Commission initially adjudicated Livingston Downs' license on April 29, 1994 when it revoked the ten-year license for failure to fulfill the purpose for which the license was granted. The issue of whether the Racing Commission revoked the license without cause, as Livingston Downs' argued in its suit, was rendered moot when the parties entered into the consent judgment and the Racing Commission agreed to suspend the license for two years to allow Livingston Downs to rehabilitate itself. Once the consent judgment was confected, the Racing Commission could take no further action regarding Livingston Downs' license that was not expressly provided for in the consent judgment.
By its terms, the consent judgment anticipated three possible conclusions to the litigation: 1) Livingston Downs timely filed the application including the binding, enforceable commitment letter and the Racing Commission approved the application; 2) Livingston Downs failed to file a timely application including a binding, enforceable commitment letter; and, 3) Livingston Downs timely filed an application with the binding, enforceable commitment letter but the Racing Commission failed to approve or act upon it. In any of these events, the consent judgment clearly provided for a remedy in the district court. Pursuant to paragraph 15, the Racing Commission could seek a dismissal of the suit if it determined the application and commitment letter were insufficient or untimely. If Livingston Downs' was aggrieved by the Racing Commission's ruling or failure to act, pursuant to paragraph 16 it could seek judicial review by a summary proceeding or in a trial de novo or otherwise apply to the court for appropriate relief.
The issue before the district court at the hearing on the motion to dismiss was whether Livingston Downs timely filed an application and commitment letter in accordance with the terms of the consent judgment. Whether the trial court considered the issue on the motion to dismiss by the Racing Commission or on a petition by Livingston Downs, it is clear from the record the court considered the issue in a contradictory hearing. In view of this, Livingston Downs cannot argue its license was adjudicated without notice and the opportunity to be heard.
We now address whether the trial judge erred in finding Livingston Downs failed to comply with the terms of the consent judgment.
Under the terms of the consent judgment Livingston Downs had to timely file an application including a "binding, enforceable commitment letter(s), in an amount not less than TEN MILLION ($10,000,000.00) DOLLARS, which provides for the funding of the construction of the racing facility, including a grandstand, a racing oval and backside, on the timetable as set forth hereinafter." Nonetheless, the faxed application included a document titled "Conditional Commitment for Collaterlized Mortgage Financing" by Remington Financial Group, Inc. This document expressly provided that the loan commitment was not valid unless a copy of the commitment was dated, signed by the borrower and lender and returned on or before November 10, 1998. The application and documents received by the Racing Commission never included a signature page for the conditional commitment. In fact, it was November 12, 1998 when the Racing Commission finally received an original application and a copy of the conditional commitment with the signature page.
We note that the conditional commitment submitted by Livingston Downs provided for financing in the "maximum amount of $10,000,000" rather than in "an amount not less than" ten million dollars as required by the consent judgment. Also, the conditional commitment provided for ownership in the "project" by unknown persons at the sole and absolute discretion of "Remington Financial Group, Inc." This *470 provision conflicts with La. R.S. 4:147(4), which requires a corporate applicant seeking a license to operate race meets to fully disclose the names of the stockholders and directors of the corporation.
After reviewing the record in this case, we cannot say the trial judge's finding that Livingston Downs' application including the Conditional Commitment for Collaterlized Mortgage Financing did not satisfy the terms of the November 15, 1996 consent judgment was clearly wrong.
Accordingly, the judgment of the trial court rendered on December 4, 1998, granting the Racing Commission's motion to dismiss Livingston Downs' suit against it is affirmed. Our decision herein does not preclude Livingston Downs from reapplying for a license to operate race meets in the future.
AFFIRMED.