JjARMSTRONG, Judge.
This is a Workers’ Compensation case. The claimant’s case was dismissed by the Workers’ Compensation Judge (“WCJ”), pursuant to the terms of an earlier consent judgment, for the last of several failures to appear at a medical examination appointment. The claimant appeals.
The employee claimant appellant is Kimberly Smith. The employer appellee is the Fairmont Hotel. Ms. Smith’s brief states that she had been scheduled for examination by a doctor of the employer’s choosing on several occasions but “due to misfortunes” did not keep any of those appointments. Finally, the parties, through counsel, submitted to the WCJ a Consent *1240 Judgment which orders that (1) Ms. Smith should appear for examination by Dr. Robert Steiner at 9:45 a.m. on March 6, 2001 and (2) “that the claimant’s failure to submit to this examination will result in a dismissal of her Workers’ Compensation claim, with prejudice.” The proposal was signed as “Jointly Submitted By” by both counsel for Ms. Smith and counsel for the Fairmont Hotel. Ms. Smith was represented by counsel [ ¡Throughout the proceedings. The WCJ signed the Consent Judgment on February 14, 2001.
It is uncontested that Ms. Smith did not appear for examination on March 6, 2001 as ordered. Up on motion of the Fairmont Hotel, and in accordance with the terms of the Consent Judgment, the WCJ dismissed Ms. Smith’s claim with prejudice. Her brief offers no excuse and no explanation for her failure to appear.
Ms. Smith argues on appeal that the WCJ erred in allowing the parties to enter into the Consent Judgment. She points out that the statutory penalty for failure to appear for a medical examination is suspension of compensation and the right to undertake further proceedings, La. R.S. 23:1124(A), rather than dismissal with prejudice. That is correct, but nothing in that statute purports to prevent the parties, by means of a Consent Judgment, from providing a different penalty. Nor has Ms. Smith cited any other legal authority which prohibits a consent judgment such as the one entered into in the present case.
There is no legal basis to find that the WCJ erred by allowing and signing the Consent Judgment. Ms. Smith was represented by legal counsel who signed the Consent Judgment to jointly submit it to the WCJ, and it is uncontested that the WCJ dismissed Ms. Smith’s claim in accordance with the Consent Judgment.
Further, it is well established that a consent judgment must be enforced as would be any other judgment. “A judgment, whether it results from the assent of the parties or is the result of a judicial determination after a trial on the merits, is and should be accorded sanctity under the law.” Plaquemines Parish Government v. Getty Oil Co., 95-2452 (La.5/21/96), 673 So.2d 1002. See also Jefferson Downs Corp. v. Louisiana State Racing Commission, 99-1001 (La.App. 4 Cir. 2/16/00), 751 So.2d 465, writ denied, 2000-1067 (La.5/26/00), 762 So.2d 1112, cert. denied, 531 U.S. 1011, 121 S.Ct. 565, 148 L.Ed.2d 485 (2000).
Lastly, the Fairmont Hotel has answered the appeal to seek attorney’s fees and costs for this appeal. However, the Fairmont Hotel did not brief this claim. In any event, we do not believe that such sanctions for a frivolous appeal are warranted in this case.
For the foregoing reasons, the judgment below is affirmed.

AFFIRMED.