BONIN, J.,
concurs with reasons.
|,I concur in the denial of the writ application. I write separately to emphasize that our action in this matter has no prece-dential, binding, or authoritative value. Because the judgment under review is an interlocutory judgment from which an appeal is not expressly provided for, it is not appealable. See Favrot v. Favrot, 10-0986, pp. 3-4 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, 1103. (The earlier judgment which issued a preliminary injunction mandating the removal of the walkway was an appealable judgment under La. C.C.P. arts. 2083 C and 3612 B; these unrepresented property owners, however, did not appeal the earlier judgment.) The critical difference between an appealable judgment and a non-appealable judgment is that under the first a dissatisfied litigant is entitled to invoke our appellate jurisdiction as a matter of right while review of the second is dependent upon us our exercising our supervisory jurisdiction, which is discretionary. See Livingston Downs Racing Assn., Inc. v. Louisiana State Racing Comm’n, 96-1215 (La.App. 4 Cir. 6/5/96), 675 So.2d 1214, 1216. Here, the Landrys are not entitled as a matter of *955 right to a review of the interlocutory judgment against them, but we have considered the matter as an application to invoke our supervisory jurisdiction. But, unlike as in Lalla v. Calamar, N.V., we have denied their application. Cf. Lalla v. Calamar, N.V., 08-0952 (La.App. 4 Cir. 2/11/09), 5 So.3d 927. And when denying a writ application any expression of our views about the correctness of the trial court’s judgment is meaningless and not binding. See Bulot v. Intracoastal Tubular Services, Inc., 02-1035 (La.6/14/02), 817 So.2d 1149. Moreover, even the earlier judgment on the request for preliminary injunction which was rendered on April 17, 2012 is subject to modification or dissolution after the trial on the merits of the permanent injunction; thus, any surplus expression or dicta issued by us while denying the writ application does not control the trial court’s decision at the trial for the permanent injunction.