PAUL A. BONIN, Judge.
It Some plaintiffs in these consolidated appeals, claiming to represent the interests of about two thousand five hundred persons,[1] appeal the district court’s granting of the defendants’ motion to withdraw from a previously-filed Joint Motion for Preliminary Approval of Settlement and Certification of Settlement Class, as well as the district court’s corollary ruling that the plaintiffs’ motion to enforce the terms of the joint motion was rendered moot.[2] Because we find that the complained of rulings are interlocutory, and not within *1125 the scope of La. C.C.P. art. 592 A(3)(b), we dismiss the appeals and remand for further proceedings.[3] We explain our decision in more detail below.
Jbi
We first considered this case on appeal from a judgment which denied class certification. While the appeal was pending, an initial Joint Motion for Preliminary Approval of Settlement and Certification of Settlement Class was filed in, and approved by, the district court. Exercising our supervisory jurisdiction, we vacated the ruling and stayed further proceedings pending the finality of the judgment to be rendered on appeal. See Pollard v. Alpha Technical, unpub., 10-0250 (La.App. 4 Cir. 2/23/10). Not long after, we rendered judgment affirming the denial of class certification. See Pollard v. Alpha Technical, 08-1486 (La.App. 4 Cir. 1/28/10), 31 So.3d 576. We also refused to attempt to redefine a class or remand for the trial court to craft a more narrowly defined class because we found the deficiencies of the plaintiffs’ case as to commonality “so enormous” that redefining the class in this unique factual scenario would not help to maintain the class. Id. at pp. 19-20, 31 So.3d at 591.
Following that judgment, the Joint Motion for Preliminary Approval of Settlement and Certification of Settlement Class was re-filed in the district court and was approved on May 26, 2010. Again exercising our supervisory jurisdiction, we at first granted the writ and reversed the district court’s approval. See Pollard v. Alpha Technical, unpub., 10-0788 (La.App. 4 Cir. 6/15/10). We, however, were directed by the Supreme Court to reconsider that action in light of the district 13court’s May 28, 2010 order Preliminarily Approving Class Action Settlement and Certifying Class Action for Settlement Purposes. See Pollard v. Alpha Technical, 10-1836, 10-1762, 10-1844, p. 1 (La.11/5/10), 46 So.3d 1251, 1252.
Upon further review, and after following the directions given to us, we yet again reversed the district court’s preliminary approval of a proposed settlement and certification of a settlement class. See Pollard v. Alpha Technical, 10-0788 (La.App. 4 Cir. 8/12/11), 102 So.3d 71. At that time, we found that the district court had failed to make any specific findings of fact which differentiated the new proposed settlement class from the class that had previously been denied predominating issue certification. We, moreover, concluded that the district court ruling failed to apply the law-of-the-case doctrine and take into account the fact that a class had never been certified in this matter. Pollard, 10-0788, p. 51, 102 So.3d at 105.
Following remand of this matter to the district court, the parties were unable to resolve the issues which had prevented certification of any manner of class. Subsequently, the defendants sought to withdraw from the Preliminary Settlement Agreement and brought a motion before the district court seeking such authorization. The defendants argued that they should be allowed to withdraw from the preliminary settlement agreement because: 1) our repeated rejection of the proposed settlement class vitiated their prior expectation that a settlement class could be fashioned that would endure final district court approval and appellate scrutiny; 2) our observation that the district judge’s initial denial of certification *1126 ^constitutes the law-of-the-case forced them to conclude that a successful class certification was unattainable; 3) our conclusion that the proposed litigation class, which was no different than the proposed settlement class, contained enormous commonality deficiencies which rendered futile further attempts to craft any type of class in this case; and, 4) the stated intention of the Earl Adams plaintiffs to opt out of any proposed settlement class would result in an insufficient number of putative class members willing to participate in the proposed settlement.
The Pollard/Harvey TERM plaintiffs opposed the defendants’ motion and filed their own Motion to Enforce Preliminary Settlement Agreement. The Earl Adams plaintiffs, on the other hand, did not object to the defendants’ motion and informed the trial judge that they had begun con-fecting partial settlements with some of the defendants. The present appellants, the Dottie Adams/Mitchell plaintiffs, failed to file a timely opposition memorandum to the defendants’ motion and were, thus, prohibited by the district judge from opposing the motion orally at the subsequent hearing. The parties argued the merits of the two competing motions on May 16, 2013. At the close of the hearing, the district judge granted the defendants’ motion and denied the Pollard/Harvey TERM plaintiffs’ motion.
The Dottie Adams/Mitchell plaintiffs subsequently filed a motion for devolutive appeal challenging the propriety of the district judge’s actions. In response, the defendants argue, among other things, that the underlying judgment is not ap-pealable because it constitutes an interlocutory ruling. We agree and now explain our rationale more fully.
_bJI
In this Part we explain why we cannot exercise our appellate jurisdiction, and why we dismiss appellants’ appeal and remand to the district court.
The Louisiana Constitution of 1974 provides for our appellate jurisdiction and our supervisory jurisdiction. See La. Const. Art. V, § 10(A). “Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court.” La. C.C.P. Art.2082 (emphasis added). “Supervisory -writs may be applied for and granted in accordance with the constitution and rules of the supreme court and other courts exercising appellate jurisdiction.” La. C.C.P. Art. 2201. As we have observed, “the difference between supervisory jurisdiction and appellate jurisdiction is that the former is discretionary on the part of the appellate court while the latter is invocable by the litigant as a matter of right.” Favrot v. Favrot, 10-0986, p. 2 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, 1102, citing to Livingston Downs Racing Ass’n, Inc. v. Louisiana State Racing Com’n, 96-1215, p. 3 (La.App. 4 Cir. 6/5/96), 675 So.2d 1214, 1216.
“A final judgment is appealable in all cases in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.” La. C.C.P. Art. 2083 A. “A judgment that determines the merits in whole or in part is a final judgment.” La. C.C.P. Art. 1841. “No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been | (¡designated a final judgment under Article 1915(B). An appeal may be taken from a final judgment under Article 1915(A) without the judgment being so designated.” La. C.C.P. Art. 1911.
“A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory *1127 judgment.” La. C.C.P. Art. 1841. “An interlocutory judgment is appealable only when expressly provided by law.” La. C.C.P. Art.2083 C; see, e.g., La. C.C.P. Art. 3612 B (relating to the denial or the granting of a preliminary injunction), and La. C.C.P. Art. 592 A(3)(b) (relating to certification in class actions). If not expressly provided by law, there is no right to appeal an interlocutory judgment. See, e.g., La. C.C.P. Art. 968 (“An appeal does not lie from the court’s refusal to render any judgment on the pleading or summary judgment.”).
Therefore, in order to determine whether a particular judgment or order is appealable as of right, it must be determined whether the judgment is (1) a final judgment which has determined the merits in whole, La. C.C.P. Art.1911; (2) a partial final judgment which does not require designation as a final judgment, La. C.C.P. Art.1915 A; (3) a partial judgment which requires designation as a final judgment, La. C.C.P. Art.1915 B(l); (4) an interlocutory judgment from which an appeal is expressly provided by law, La. C.C.P. Art. 2083 C; or, (5) an interlocutory judgment from which an appeal is not expressly provided by law, id. See also LaDonte A. Murphy, Access to Appellate Review: Writs, Appeals, and Interlocutory Judgments, 34 S.U.L.Rev. 27 (2007).
|7A partial judgment which requires designation as a final judgment by the trial court (the third category, ante) but which has not received such a designation is not an appealable judgment. See La. C.C.P. Art.1915 B(2) (“In the absence of such a determination and designation, [any such order or decision] ... shall not constitute a final judgment for the purpose of an immediate appeal.”). Such an undesignated judgment, like an interlocutory judgment, “may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.” La. C.C.P. Art.1915 B(2); see, e.g., Regions Bank v. Weber, 10-1169, p. 1 (La.App. 4 Cir. 12/15/10), 53 So.3d 1284 (“An interlocutory judgment may be reconsidered or revised upon proper motion at any time until the rendition of a final judgment.”), citing to Magallanes v. Norfolk Southern Railway Co., 09-0605, p. 4 (La.App. 4 Cir. 10/14/09), 23 So.3d 985, 988. See also Roger A. Stetter, Louisiana Civil Appellate Procedure, § 3:20 (2010-2011 ed.) (“Any partial judgment that does not dismiss a party and that is not expressly authorized by Article 1915 is interlocutory in character rather than final.”).
Insisting that a partial judgment be designated as final because “there is no just reason for delay” allows us to enforce the “policy against multiple appeals and piecemeal litigation.” R.J. Messinger, Inc. v. Rosenblum, 04-1664, p. 13 (La.3/2/05), 894 So.2d 1113, 1122; see also 1 Frank L. Maraist & Harry T. Lemmon, Louisiana Civil Law Treatise-Civil Procedure, § 14.3, p. 363 (1999). Such insistence also helps to “ensure that our courts operate under principles of sound judicial administration to promote judicial efficiency and economy.” Id.
The judgment which the plaintiffs “appeal” was one granting the defendants’ motion to withdraw from a joint motion for the preliminary approval of a settlement agreement and certification of a class for settlement purposes, and denying the Pollard/Harvey TERM plaintiffs’ countervailing motion to enforce the preliminary settlement agreement. The judgment did not dismiss any party or adjudicate liability. See La. C.C.P. Art.1915 A(l) and (6). The effect of the judgment is merely to allow the defendants to withdraw, collectively, from the preliminary settlement - agree *1128 ment. This judgment, therefore, is clearly interlocutory.
The plaintiffs argue, however, the judgment is appealable by virtue of La. C.C.P. Art. 592 A(3)(C), which provides in pertinent part:
If the court finds that the action should be maintained as a class action, it shall certify the action accordingly. If the court finds that the action should not be maintained as a class action, the action may continue between the named parties.... A suspensive or devolutive appeal, as provided in Article 2081 et seq. of the Code of Civil Procedure, may be taken as a matter of right from an order or judgment provided for herein.
The plaintiffs assert that the underlying district court judgment is, therefore, ap-pealable because certification “was at the heart of the dispute” between the two competing motions. This assertion, however, is quickly dispelled by reference to both sets of pleadings and supporting memoranda. The defendants’ motion does not seek the withdrawal of a previously granted class certification. Rather, the ^defendants’ motion seeks to withdraw from a preliminary settlement agreement, the terms of which provide for the eventual formation, pending court approval, of a class for settlement purposes. It does not seek the withdrawal or modification of a previously certified class. The Pollard/Harvey TERM plaintiffs’ motion, moreover, did not request a ruling on class certification, but instead sought to enforce the terms of the preliminary settlement agreement. Additionally, as should be clear from our discussion of this matter’s procedural history, the plaintiffs in these consolidated matters were ultimately unsuccessful in securing class certification for both litigation and settlement purposes. Accordingly, La. C.C.P. Art. 592 A(3)(C) is inapplicable to this matter because no class has been successfully certified to date, or was in effect at the time of the ruling at issue.
The judgment underlying the matter before us is, therefore, interlocutory. We, therefore, dismiss the present appeal brought by the Dottie Adams/Mitchell plaintiffs and remand this matter to the district court for further proceedings.
APPEAL DISMISSED, REMANDED.

. The present matter is comprised of several groupings of plaintiffs that are, in turn, represented by different groupings of attorneys. The present appeal was brought by a group that has, throughout the course of these proceedings, been referred to as the "Dottie Adams/Mitchell” plaintiffs. Two other large plaintiff groupings, the "Earl Adams” and "Pollard/Harvey TERM” plaintiffs have not sought review of the underlying district court ruling. We note that like the Dottie Adams/Mitchell plaintiffs, the two other groupings of plaintiffs likewise are alleged to comprise thousands of individual plaintiffs. Nevertheless, these three large groupings of plaintiffs do not encompass all of the plaintiffs in the underlying matter.

. The defendants herein are Shell Oil Company, Shell Offshore, Inc., SWEPI LP, Anadarko U.S. Offshore Corporation f/k/a Kerr-McGee Oil & Gas Corporation, BP America Production Company f/k/a Amoco Production Company, Atlantic Richfield Company, Chevron U.S.A., Inc., Texaco Inc., Union Oil Company of California, ConocoPhillips Company, Marathon Oil Company, Transco Exploration Company, as successor to Exchange Oil and Gas Corporation, OXY USA, Inc., Placid Oil Company, and OFS, Inc.

. In dismissing this appeal on jurisdictional grounds we take no position on the propriety of the district judge’s underlying rulings.